**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ADIN GESS, *et al.*, | x | |
| | x | |
| Plaintiffs, | x | |
| | x | Civil Action No. |
| v. | x | 24-cv-00134-ECM-CWB |
| | x | |
| BAM TRADING SERVICES, INC. d/b/a | x | |
| BINANCE.US, a Delaware corporation, *et al.,* | x | |
| | | |
| Defendants, | x | |

_____

**Plaintiffs' Response in Opposition to Foreign Defendants' Motion to Transfer**

**Introduction**

On May 23, 2024, Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao ("Zhao") filed a motion and supporting memorandum of law asking this Court to transfer this case to the Southern District of New York ("SDNY") [ECF## 31 & 32]. Defendant BAM Trading Services, Inc., d/b/a Binance.us ("BAM") did not join in the Motion to Transfer, nor did it file its own motion seeking a transfer. Plaintiffs now file their Opposition to the Motion to Transfer and respectfully ask this Honorable Court to deny the motion for the reasons set forth below. Indeed, the Motion to Transfer must be denied as a matter of law as explained herein.

**Some Preliminary Notes**

Defendants Binance and Zhao devote most of their Memorandum of Law to arguing that the allegations in the instant case are similar to the allegations in a case filed in the SDNY

1

shortly before the instant case was filed here.  There is no dispute that the two cases arise from

the same horrific acts of terrorism on October 7, 2023 committed by the Foreign Terrorist

Organization ("FTO") Hamas (and other terrorists), and arise from the same illegal actions by

Binance and Zhao that provided material support to Hamas (and other FTOs).  Binance and Zhao

omit from their presentation, however, the material differences between the two cases with

respect to the statutory bases, legal theories, and defendants.  These will be discussed below.

Indeed, these are not the only areas in which Binance and Zhao have omitted or

understated material facts.  Throughout their Memorandum, these Defendants attempt to

minimize the seriousness of the case and their underlying conduct and allude to their irrelevant

and erroneous claims that the underlying legal theories are "deficient.[1]"  This is not directly

relevant to a motion to transfer, of course; but Plaintiffs cannot allow the misleading nature of

the Defendants' assertions in this regard to go unaddressed.  Let's be crystal clear from the

outset, both Binance and Zhao are convicted criminals and their criminal conduct is exactly what

gives rise to this lawsuit.  Binance and Zhao have pled guilty to very serious crimes that include

knowingly facilitating the movement of money for Hamas and other terrorist groups, and then

actively attempting to conceal the same, while even joking about it.

---

[1] For example, in their preliminary statement, Binance and Zhao refer to the "legally deficient" theories of liability and, and notwithstanding the detailed proof the Government marshalled against them regarding their knowing extensive movement and concealment of funds for Hamas and other terrorist organizations, leading to their pleas of guilty and extraordinary penalties, they characterize the allegations against them as simply claims that they "allowed their broadly-available platforms for trading digital assets to be used by someone, somewhere, with some unidentified connection to Hamas or some other terrorist group."  [ECF# 32 at 1].  The Complaint and the allegations Plaintiffs stand ready to prove read quite differently; indeed, it is fortunate for Binance and Zhao that their sentencings already have taken place.  These assertions are hardly consistent with their guilty pleas and the Government's reports and proffers.

As the Government established in its criminal investigation and the guilty pleas entered by these Defendants, Binance and Zhao built Binance into the vastly wealthy company it has become by "targeting U.S. customers" while "refus(ing) to comply with U.S. law and their "willful failures allowed money to flow to terrorists, cybercriminals, and child abusers through (Binance's) platform." https://www.irs.gov/compliance/criminal-investigation/binance-and-ceo-plead-guilty-to-federal-charges-in-4-billion-resolution.  Binance agreed to pay an historic $4 billion fine and Zhao is currently serving a prison sentence for his criminal conduct – including the very material support for Hamas that is at issue in this lawsuit.  To the extent Defendants try to impress on the Court the undisputed similarities in some of the allegations between the two cases by asserting that Plaintiffs copied *verbatim* from the SDNY Complaint, again, the Defendants mislead the Court.  The allegations at issue are taken *verbatim* from charging documents and other official sources related to the already proven criminal conduct, in the criminal and regulatory prosecutions of Defendants Binance and Zhao.

The foregoing gives some context and clarification to some of the assertions made in the Defendants' moving papers.  Some of it will be addressed later in this Opposition where relevant to the analysis of the Motion.

But the fatal deficiency in the Defendants' Motion, making it a complete non-starter that must be denied as a matter of law, is that Binance and Zhao cannot meet the threshold requirement for a Motion to Transfer.  In short, in order to meet the threshold requirement for the requested transfer, Binance and Zhao are required to prove that the proposed transferee court (SDNY) is a court in which this case could have been brought.  Such a showing requires, at a minimum, establishing that the proposed transferee court has personal jurisdiction over all parties.  Here, not only have Binance and Zhao failed to make any such showing, but they have

also actually taken a position in the proposed transferee court which is irreconcilable with their burden here on the Motion to Transfer.  Binance and Zhao have unequivocally argued in the proposed transferee court that the Southern District of New York has **no personal jurisdiction** over them and that, in fact, the case against them must be dismissed in that court because of its lack of personal jurisdiction.  (See Exhibit 1 – Defendants' Motion to Dismiss in the SDNY at 20-21).  This fundamentally bars the transfer of this action to that court as a matter of law, requiring that the Motion to Transfer be denied.  17 *Moore's Federal Practice – Civil § 111.12 [1][b]*.[2]

### Legal Framework and Analysis

28 U.S.C. § 1404(a) provides in pertinent part:

(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to **any other district where it might have been brought** or to any district or division to which all parties have consented …. (Emphasis added).

It is axiomatic that this means that "the transferee court must be a proper venue and must have personal jurisdiction over the defendant without waiver by the defendant."  3 *Moore's Federal Practice – Civil §*14.40.

The decision in *JBS Hair, Inc. v. Beauty Elements, Corp.*, 2022 U.S. Dist. LEXIS 94136, *2-*3, 2022 WL 1658415 (N.D. Ga., May 25, 2022) provides a helpful explanation of the

---

[2] "Without [the consent of all parties], an action may be transferred only to 'any other district or division where it might have been brought.'"  The "might have been brought" language means that the proposed transferee district must be one in which plaintiff properly could have filed the action initially.  Accordingly, the transferor court may not transfer an action unless it first determines that, at the time the action was originally filed, the transferee court would have had proper venue, subject matter jurisdiction, and **personal jurisdiction** over the parties."  17 *Moore's Federal Practice – Civil § 111.12 [1][b].*[2] (Emphasis added).

applicable framework for evaluating a motion to transfer.  The court in *JBS Hair, Inc.* wrote that the first step is determining whether the action could have been brought in the proposed transferee district.  *Id*. at *2, citing *Mirasco, Inc. v. American Nat'l Fire Ins. Co.*, 2000 U.S. Dist. LEXIS 19461, 2000 WL 34440850, at *4 (N.D. Ga., July 5, 2000) ("[T]he threshold question is whether this action might have been brought in the [other district court"].

The court further explained that "[T]he moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district."  *Id*., quoting from *Baker v. Major League Props, Inc.*, 2009 U.S. Dist. LEXIS 40542, 2009 WL 1098482, at *2 (N.D. Fla., April 22, 2009).

If a transferor court is able to conclude that the proposed transferee court has personal jurisdiction over the defendants and that it otherwise meets the "might have been brought" criteria, the court "next looks to nine factors to determine the propriety of transfer."  *Id*.

Those nine factors are:  (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Id*. at *2-*3, quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135, n.1 (11th Cir. 2005).

The moving party at all times bears the burden of establishing that the balance of interests favor transfer.  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  The burden is a "heavy one," *Eastern Roofing Sys. v. Simon Prop. Group*, 2015 U.S. Dist. LEXIS 18809, *15, 2015 WL

679220 (M.D. Pa., February 17, 2015), and transfer "is not to be liberally granted."  2015 U.S. Dist. LEXIS 18809 at *4, quoting from *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  "[I]f the transfer would merely shift inconvenience from one party to the other, or if the balance of factors is but lightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied."  2022 U.S. Dist. LEXIS 94136 at *3, quoting from *Sarvint Techs., Inc. v. Omsignal*, 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015).  Indeed, as Judge Thompson has written "[G]enerally, plaintiff's choice of forum is accorded considerable deference, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), such that defendant bears the burden of showing that the requested transfer forum is substantially more convenient than the original forum.  *Id*."  *Murray v. Scott*, 176 F. Supp. 2d 1249, 1256 (M.D. Ala. 2001) (Thompson, J.).  The Eleventh Circuit consistently has reaffirmed that, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  *Perlman v. Delisfort-Theodule*, 451 Fed. Appx 846, 848 (11th Cir. 2012), quoting from *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *Cooper v. Valley Line Co.*, 320 F. Supp. 483, 484 (W.D. Pa. 1970).

**The Motion to Transfer Must Be Denied Based on the Defendants' Argument in the Proposed Transferee Court that the SDNY Lacks Personal Jurisdiction.  The SDNY, Therefore is Not a Court in Which This Action "Might Have Been Brought" Within the Meaning of 28 U.S.C. § 1404(a).[3]**

---

[3] Defendants Binance and Zhao have not in any way disavowed their position in the SDNY that that court lacks personal jurisdiction over them.  In any event, they cannot be permitted to take a contrary position in the instant case simply to serve their interests here in the Motion to Transfer.  *See e.g., New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  Nor would a change in position in the SDNY now be availing for the Motion to Transfer.  17 *Moore's Federal Practice – Civil § 111.12 [4]*.

Plaintiffs will briefly address below the nine factors; but in the instant case, under the recognized framework for analysis, this Court need not and indeed, should not, even consider the nine factors because Binance and Zhao have not met and cannot meet the threshold requirement of establishing that this case "might have been brought" in the SDNY, specifically because they not only cannot prove that that court had personal jurisdiction over them, but because they have affirmatively and vigorously argued that the SDNY **does not** have personal jurisdiction. This Court need not inquire or analyze the matter any further.

The Motion to Transfer must be denied as a matter of law based on the failure to meet this threshold requirement and the Court need not consider anything further. *See e.g., Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ([Transfer power is … expressly limited by the final clause of [§] 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'"); *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960);[4] *Pro Custom Solar LLC v. Blue Raven Solar, LLC*, 2020 U.S. Dist. LEXIS 257681, 2020 WL 10458504 at 2 (N.D. Fla., April 30, 2020) (denying the defendant's motion without addressing convenience or the interest of justice because defendant failed to meet its burden as to the threshold question).; *JBS Hair, Inc. v. Beauty Elements, Corp.*, 2022 U.S. Dist. LEXIS 94136 at *5 ("[B]ecause Defendant has failed to meet its burden on the threshold question, the Court need not address whether the case should be transferred based on convenience and the interest of justice.").

---

[4] Since the decisions in these two cases from the United States Supreme Court, Section 1404(a) has been amended to allow parties to consent to personal jurisdiction in the proposed transferee court, *See* 17 *Moore's Federal Practice – Civil § 111.12 [1][c], n.11*; but that certainly does not apply here where these Defendants have adamantly challenged personal jurisdiction in the proposed transferee court and Plaintiffs have not consented to personal jurisdiction there.

*See also*, *Rose v. IBM*, 2024 U.S. Dist. LEXIS 47323, 2024 WL 1600324 (C.D. Cal.,

March 18, 2024) (Denying motion to transfer to the SDNY under both § 1404(a) and the "first to

file" rule and notwithstanding defendant's consent to personal jurisdiction in the SDNY, because

defendant filed to prove personal jurisdiction in the SDNY);[5] *Anstalt v. Bacardi & Co.*, 2017

U.S. Dist. LEXIS 217362, *14-*23 (S.D. Fla., June 26, 2017) (re-transferring case back to

transferor court for failure of the moving party to have demonstrated that the transferee court had

personal jurisdiction over all defendants; collecting cases); *RMG Media, LLC v. Donovan*

*Marine, Inc.*, 2024 U.S. Dist. LEXIS 8400, *4-*8, 2024 WL 170930 (D. Utah, January 16, 2024)

(Transfer denied for failure to prove personal jurisdiction in the proposed transferee court);

*Canal Ins. Co. v. Schaefer*, 2024 U.S. Dist. LEXIS 27380, *11-*12, 2024 WL 666490 (M.D.

Tenn., February 16, 2024) (Party moving to transfer "bears the *prima facie* burden to prove that

personal jurisdiction is appropriate for all defendants in the transferee court."), quoting from

*Kearney v. Home Depot USA, Inc.*, 2018 U.S. Dist. LEXIS 249661, 2018 WL 11488411 at *4

(E.D. La., July 31, 2018) (collecting cases).[6]

Surely, before they filed the instant Motion to Transfer, Binance and Zhao were aware of

their burden to prove that the transferee court is a court in which the case "might have been

---

[5] It follows, of course, *a fortiori*, that where, as here, the Defendants actually affirmatively argue that the proposed transferee court lacks personal jurisdiction, the Motion to Transfer must be denied.  Moreover, the "first to file" rule provides no more viable basis for transfer here.  *See e.g.*, *Bozic v. United States District Court*, 888 F.3d 1048, 1054 (9th Cir. 2018) (the requirements of § 1404(a) cabin the exercise of discretion under the "first to file" rule as well); *Rose v. IBM*, 2024 U.S. Dist. LEXIS 47323, *3, 2024 WL 1600324 (C.D. Cal., March 18, 2024) (denying transfer under both § 1404(a) and "first to file" rule based on the failure to prove personal jurisdiction in the proposed transferee court).

[6] Notwithstanding its burden to prove personal jurisdiction in the transferee court for **all** Defendants, Binance and Zhao do not even appear to attempt to satisfy their burden at to Defendant BAM.

brought" and that that fundamental requirement carries with it the specific burden of proving that the transferee court has personal jurisdiction over all parties, including the Defendants seeking the transfer. And they also well knew that their position at all relevant times has been that the transferee court (SDNY) lacks personal jurisdiction over them and therefore is **not** a court in which this action "might have been brought.[7]" Yet they filed this legally meritless motion anyway.

The sum total of attention Defendants give to the fundamental requirement that they must prove that the proposed transferee court has personal jurisdiction is the unsupported and unsupportable assertion that they "easily satisfy both prongs" and that one of the Plaintiffs "resides in New York." [ECF# 32 at 7]. In a footnote, Defendants attempt to side-step this fatal deficiency in their Motion to Transfer by asserting that this Court should simply transfer the case to the SDNY anyway, notwithstanding the position they have taken in that court that the case never could have been brought there, in light of that court's asserted lack of person jurisdiction, and that this Court should just let that court decide whether it has personal jurisdiction over this case once it is transferred there [ECF# 32 at 7, n.6]. Defendants cite no authority whatsoever for the proposition that on a Motion to Transfer a court should transfer a case, notwithstanding their position in the transferee court that it lacks personal jurisdiction.[8] Where such an argument has

---

[7] Binance and Zhao filed their Motion to Dismiss on their claim that the SDNY lacks personal jurisdiction over them on June 14, 2024, after the Motion to Transfer was filed in this case; however, they advised the SDNY in writing on March 29, 2024, (long before they filed the instant Motion to Transfer) that they intended to file a Motion to Dismiss arguing that the SDNY lacked personal jurisdiction over them [Exhibit 2 at 2]. Indeed, in their Motion to Dismiss in the SDNY, Binance and Zhao asserted that its purported lack of personal jurisdiction was always an intended argument, writing that they had "personal jurisdiction on top of mind (sic) (on March 4, 2024)" [Exhibit 1 at 21].

[8] Defendants cite to the decision in *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1341 (S.D. Fla. 2021) for the proposition that sometimes a court transfers a case to another court where the cases

been made – to transfer it without any finding of personal jurisdiction and let the transferee court sort it out - it has been soundly rejected, with the court concluding that such an approach is unequivocally prohibited by the United States Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960). *See Durham v. LG Chem, Ltd.*, 2021 U.S. Dist. LEXIS 77393, *12-*20, 2021 WL 1573898 (N.D. Ga., April 22, 2021).

And of course, Defendants do not cite a single case that supports their untenable position that a transfer can or should be ordered where, as here, they argue in the proposed transferee court that it lacks personal jurisdiction.

Of course, no applicable authority is cited because such a position is directly contrary to the plain statutory language of § 1404(a) language and to the authority cited hereinabove from the United States Supreme Court and each lower court is irreconcilable with any notion of estoppel. In sum, arguing in the proposed transferee court that it lacks personal jurisdiction, requiring dismissal from that court with the well-recognized burden the movants bear hear to prove that the proposed transferee court they have asserted lacks personal jurisdiction, actually is a transferee court where this action might have been brought.[9] The Motion to Transfer must be denied without any further inquiry or analysis.

---

presents "difficult questions of jurisdiction" and argue, therefore, this Court should do just that and let the SDNY sort it out [ECF# 32 at 10]. But in *Elliott*, the situation was exactly the converse of the circumstances presented here. There was a "difficult question" about whether the transferor court had personal jurisdiction over the defendants, whereas personal jurisdiction was "undisputed" in the transferee court, and this was another factor supporting transfer. Indeed, the court in *Elliott* made it crystal clear that, in sharp contrast to the instant case, no party had challenged personal jurisdiction in the transferee court and, in fact, the defendant seeking transfer has consented to personal jurisdiction in the transferee court. *Id.* at 1341-42 & n.5. If anything, *Elliott* provides further support for the Plaintiffs herein on this question.

[9] Surely Binance and Zhao will move to dismiss the instant case in this Court once their Motion to Transfer is denied, as it must be as a matter of law. Plaintiffs will fully address that issue then;

**Defendants Have Not Satisfied Their "Heavy Burden"**
**to Justify the Transfer Under the Nine-Part Balance of Conveniences Test.**

      It must be reiterated, as a preliminary matter, that Defendants Binance and Zhao have the burden of proof with respect to each factor and it is a "heavy burden" in order to justify a transfer. *Eastern Roofing Sys. v. Simon Prop. Group*, 2015 U.S. Dist. LEXIS 18809, *4-*5, *15, 2015 WL 679220 (M.D. Pa., February 17, 2015) (Burden of establishing the need for transfer rests with the movant; it is a "heavy burden" that "is not to be liberally granted."  "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail.") (citation omitted); *Intellectual Ventures I, LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750-51 (D. Del. 2012).

      Secondly, while these Defendants assert a number of purported "facts" in support of their arguments on the nine-part test, not a single purported fact is supported by a competent Declaration or Affidavit or any other competent evidence.  *See Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003) ("The movant bears the burden of establishing the

---

but for the present purposes, suffice it to say that, as Defendants acknowledge, there is a provision under the Anit-Terrorism Act for nationwide service of process, and therefore personal jurisdiction in any district in the nation, once it is shown that the defendant has minimum contacts with the United States.  *See* 18 U.S.C. § 2334; *Kammona v. Onteco Corp.*, 587 Fed Appx 575, 579-80 (11th Cir. 2014).  As alleged in the Complaint filed herein, it was with great fanfare that Binance announced it was open for business in Alabama and began soliciting and taking on customers in Alabama through its U.S. arm, Defendant BAM, created by Binance and Zhao once Binance was banned from the United States [ECF# 1 at 8-15, citing official Government sources].  This was preceded by its successful application to the Alabama Securities Commission for a Money Transfer License and its designation of an Alabama in-state registered agent.  To the extent Binance or Zhao intends to challenge this connection with BAM or the efforts to solicit and acquire business in Alabama, and the Court believes this to be in any way relevant to the Motion to Transfer, we would respectfully ask the Court to permit limited discovery now on this issue.  Certainly, Plaintiffs will seek the same in the context of any later filed motion to dismiss that attempts to make any such argument in support of a claim of lack of personal jurisdiction in this Court (or any other relevant claim).

propriety of transfer by a clear and convincing showing." "Furthermore, the movant must support its motion with a detailed factual affidavit.")

 As noted above, based on Defendants' inability to prove that the proposed transferee court (SDNY) has personal jurisdiction and, indeed, in light of their argument in the SDNY that it does not have personal jurisdiction over them, an argument which disqualifies it as a transferee court as a matter of law, the Motion to Transfer must be denied without any need to consider Defendants' assertions on the nine-part test. That test is only triggered if and only if the threshold requirement of personal jurisdiction in the transferee court has been proven. Nevertheless, since they filed their meritless motion, Plaintiffs will respond briefly to Defendants' submission on the nine-part test. [ECF# 32 at 8-12].

Tellingly, notwithstanding their "heavy burden" of proof on the nine-part test for the extraordinary relief of a transfer of venue, even if Defendants had satisfied the personal jurisdiction requirement, Binance and Zhao limit their arguments to only three factors under the nine-part test, [ECF# 32 at 7-12 – asserting (erroneously) that factors 9, 8, and 7 favor transfer, [ECF# 32 at 7-12], while asserting that the other six factors are "neutral at worst." *Id*. at 11.

**Plaintiffs' Choice of Forum (Factor 8)**

There is no question that Plaintiffs' choice of forum ordinarily is entitled to a great deal of deference. As the Eleventh Circuit has written, "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989) (choice of forum is accorded considerable deference such that the defendant bears the burden of showing that the requested transfer forum is substantially more convenient); *Howell v. Tanner*,

650 F.2d 610, 616 (5th Cir., July 13, 1981).  *See also, Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) ("[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed."); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970) (Accord); *Easter Roofing Sys. v. Simon Prop. Group*, 2015 U.S. Dist. LEXIS 18809, *9, 2015 WL 679220 (M.D. Pa., February 17, 2015).

Defendants Binance and Zhao argue first that Plaintiffs' choice of forum is entitled to little or no deference because no Plaintiff resides in Alabama and there is no allegation of suit-related conduct in Alabama.  [ECF# 32 at 8].  There is no question that ordinarily some lesser amount of weight is to be accorded to the choice of forum where the place of filing is not the home forum for plaintiffs; but the Anti-Terrorism Act has an unusual jurisdictional provision, expressly allowing for a lawsuit brought under it to be filed in any district in the country, once a connection to the United States is shown and where, as here, any Defendant has a registered agent.  18 U.S.C. § 2334(a).  None of the cases cited by the Defendants involves any such provision, does any cited case involve a claim under 28 U.S.C. § 1350.  It is respectfully submitted that this nationwide jurisdictional provision and the express provision under the Alien Tort Statute for non-residents to sue in our district courts ought to be counterbalancing factors in the Court's case-by-case analysis.

More to the point, however, is that inextricably intertwined with this factor is, as Defendants acknowledge, whether there is suit-related conduct in Alabama.  Defendants' argue that there is none.  [ECF# 32 at 8].  That is patently untrue.  Binance and Zhao misleadingly omit from their argument the allegations in the Complaint tying the case and the relevant conduct to Alabama [See e.g. ECF# 1 at 26] and the allegations concerning the direct role Binance and Zhao played in creating BAM and facilitating its solicitation of business and trading in Alabama and

elsewhere, once Binance was barred from doing business in the United States.  [See e.g. ECF# 1 at 8-15]. See also:

   https://www.binance.com/en/blog/all/binance-announces-partnership-wih-bam-to-launch-us-exchange-346119082624540672.

   See also https://www.sec.gov/newsroom/press-releases/2023-101#:~:text=Among%20other%20things%2C%20the%20SEC,on%20the%20Binance.com%20platform.[10]

**Trial Efficiency and Interests of Justice (Factor 9)**

   Defendants contend that this factor supports a transfer because the two cases "have the same theory of liability and rely on many of the same facts .…"  [ECF# 32 at 9].  Therefore, discovery should be coordinated with respect to depositions and document production and

---

[10] "Washington D.C., June 5, 2023 —
The Securities and Exchange Commission today charged Binance Holdings Ltd. ("Binance"), which operates the largest crypto asset trading platform in the world, Binance.com; U.S.-based affiliate, BAM Trading Services Inc. ("BAM Trading"), which, together with Binance, operates the crypto asset trading platform, Binance.US; and their founder, Changpeng Zhao, with a variety of securities law violations.

Among other things, the SEC alleges that, while Zhao and Binance publicly claimed that U.S. customers were restricted from transacting on Binance.com, Zhao and Binance in reality subverted their own controls to secretly allow high-value U.S. customers to continue trading on the Binance.com platform. Further, the SEC alleges that, while Zhao and Binance publicly claimed that Binance.US was created as a separate, independent trading platform for U.S. investors, Zhao and Binance secretly controlled the Binance.US platform's operations behind the scenes.

The SEC also alleges that Zhao and Binance exercise control of the platforms' customers' assets, permitting them to commingle customer assets or divert customer assets as they please, including to an entity Zhao owned and controlled called Sigma Chain. The SEC's complaint further alleges that BAM Trading and BAM Management US Holdings, Inc. ("BAM Management") misled investors about non-existent trading controls over the Binance.US platform, while Sigma Chain engaged in manipulative trading that artificially inflated the platform's trading volume. Further, the Complaint alleges that the defendants concealed the fact that it was commingling billions of dollars of investor assets and sending them to a third party, Merit Peak Limited, that is also owned by Zhao…."

inconsistent rulings can be avoided.  [*Id*.].  As noted earlier, none of the submission is supported by any declaration or affidavit or other competent evidence; nor are the common witnesses and documents identified.  Perhaps even more significantly, Defendants omit from their presentation the material differences in Defendants and theories of liability between the two cases.

The original Complaint that the Plaintiffs filed in the SDNY shortly before Plaintiffs herein filed in this Court included theories of liability and Defendants not included in the instant case. Defendants in the SDNY case included Iran and Syria as State sponsors of terrorism and sought relief under 28 U.S.C. § 1605A, raising very different discovery and litigation issues and a very different timeline.  It did not include BAM as a Defendant and that is a central part of the instant case.

On May 17, 2024, some three months after the Complaint herein was filed, the SDNY Plaintiffs filed an Amended Complaint, dropping claims against Iran and Syria and limiting the case to three claims for relief under the Anti-Terrorism Act.  The Amended Complaint in the SDNY still does not name BAM as a Defendant.  BAM's conduct and the relationship between Binance and Zhao in its formation and in the conduct of its business, as alleged in the Complaint in the instant case, is a central focus of the case in this District and is not at all a matter at issue in the SDNY case.  Additionally, the instant case includes a Conspiracy count [Count Two; ECF# 1 at 40] not included in the SDNY case, which has very different evidentiary and proof considerations from the other issues.  The instant case also includes a claim under 28 U.S.C. §1350 for our foreign Plaintiffs [Count Five; ECF# 1 at 42] that is not included in the SDNY case and, again, has entirely different elements from the other claims, as well as an Alabama state law claim [Count Six; ECF# 1 at 43] that, of course, is not a part of the SDNY case.

Since Defendants do not identify a single witness or document that it claims would be common goals between the two cases, they not only fail to meet their burden on this factor, they make it impossible to respond in any meaningful way.  *See Eastern Roofing Sys. v. Simon Prop. Group*, 2015 U.S. Dist. LEXIS 18809, *7-*12, 2015 WL 679220 (M.D. Pa., February 17, 2015) (denying motion to transfer in part because of the failure to specify documents and witnesses more conveniently examined and produced in the proposed transferee court).  Moreover, any merit or weight at all to be given to this factor is neutralized by today's technological advances which make discovery possible with the push of a button and depositions facilitated through various media.  *See e.g. Id.* at *10; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 200 (E.D. Pa. 2008); *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003).

The materially different and more comprehensive theories of liability and the inclusion of BAM as a primary Defendant in the instant case by definition raise different discovery and proof issues from the discovery and proof that would appear to be at issue in the SDNY.

The balance of Defendant' argument under this factor is, once again, based on the idea that this Court should just forego the mandated threshold inquiry of whether the proposed transferee court has personal jurisdiction and just send the case there to let that court sort out personal jurisdiction in both cases.  [ECF# 32 at 10].  This would lead to an especially anomalous and inappropriate result of having that court decide personal jurisdiction for claims in the instant case which alleges the direct Alabama related conduct for all Defendants. In any event, as indicated earlier in this Opposition, such an approach is prohibited by the decision in *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960).  *See Durham v. LG Chem, Ltd.*, 2021 U.S. Dist. LEXIS 77393, *12-*20, 2021 WL 1573898 (N.D. Ga., April 22, 2021).

**The Forum's Familiarity With the Governing Law (Factor 7)**

The third and final argument Defendants make with respect to the nine-part inquiry is that the proposed transferee court has more experience with cases brought under the Anti-Terrorism Act and therefore the case should be transferred.  [ECF# 32 at 10-11].  There is no question that more ATA cases have been brought in the SDNY than in this district; but to the extent that weighs in favor of transfer, it should not be given a lot of weight.  As Defendants acknowledge, "there is no question that this Court is entirely capable of deciding ATA issues."  [ECF# 32 at 11].  As noted earlier, the ATA expressly provides for cases brought under it to be brought in any district and there is nothing so specialized or complicated about the issues that calls for a transfer.  The undersigned has been litigating ATA cases for over twelve years and has litigated them in the District Court for the District of Columbia, the SDNY, and currently is litigating five separate ATA cases in five other jurisdictions.  Each court in each jurisdiction is fully capable of dealing with every issue that has arisen and the Eleventh Circuit certainly has ample experience reviewing ATA cases.  The instant case, unlike the SDNY case, does not just involve ATA claims, as noted and, specifically, it includes an Alabama state claim as well.  *See Ritter v. Metro. Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 227839, *14, 2019 WL 8014511 (S.D. Fla., December 3, 2019) ("where there are state law claims, the forum's familiarity with governing law supports retention of the action").

**The Remaining Six Factors in the Nine-Part Inquiry**

Binance and Zhao do not even attempt to satisfy their burden with respect to six out of nine of the factors and, indeed, acknowledge that none favors a transfer, characterizing them as "neutral at worst."  [ECF# 32 at 11].  Plaintiffs, of course, have no burden at all with respect to any of the factors and, of course, given the Defendants failure to satisfy the threshold personal jurisdiction burden, the inquiry ends and the motion must be denied without addressing the nine-

part test.  Nevertheless, Plaintiffs assert the following:  With respect to the first factor, the convenience of the witnesses, there is no reason to believe that any witnesses are located in the SDNY or even closer to the SDNY than to Alabama; but Plaintiffs know for sure that there are witnesses in Alabama who will testify and who have documents relevant to proving BAM's solicitation of  conducting business in Alabama for its own benefit and for the benefit of Binance and Zhao.

With respect to the second factor, the location of relevant documents and the relative ease of access to sources of proof, as noted, all relevant documents likely are electronically maintained and should be easy to access and provide electronically.  Documents related to business transacted in Alabama and BAM's licensing documents and registered agent in Alabama are located in Alabama.

The third factor, the convenience of the parties, is neutral.  The moving Defendants are "foreign" Defendants. However, it is relevant to this factor to note that Binance is a party to litigation in courts all across the country and therefore, there is no reason to believe the SDNY of New York is more convenient than any other district.  In fact, a current Pacer search just covering federal courts shows Binance as a party to litigation in some sixty-one cases in districts that include Alabama, Arizona, California, Florida, New York, Illinois, New Hampshire, Georgia, Kansas, Massachusetts, Washington, Maine, Kentucky, and Texas.  Zhao and BAM also appear to be parties to litigation in multiple districts.  That is not to mention overseas litigation.  See e.g., https://economictimes.indiatimes.com/markets/cryptocurrency/crypto-exchange-binance-seeks-to-slash-size-of-13-billion-uk-lawsuit/articleshow/110774314.cms

The fourth factor, the locus of the operative facts, if anything, argues against a transfer, given the operative facts mentioned above that related directly to Alabama conduct as alleged in

the Complaint.  The fifth factor, the availability of process to compel the attendance of unwilling witnesses, is neutral.

Binance and Zhao failed to address the sixth factor, the relative means of the parties, because it indisputably favors the Plaintiffs and their choice of forum.  As noted earlier, Binance agreed to pay a $4 billion dollar fine, had the ability to do so, and by all accounts, not withstanding its status as a criminal convicted of using its resources to aid and foster cybercriminals and terrorists, the company is thriving. https://cointelegraph.com/tags/binance; Zhao agreed to pay a $50 million fine and has been characterized by Bloomberg as perhaps the wealthiest person ever to be imprisoned in the United States.

https://www.bloomberg.com/news/features/2024-04-29/ex-binance-ceo-cz-may-be-richest-person-ever-in-jail-in-us.  It is no financial hardship for Binance or Zhao to defend this case in this district.  The Plaintiffs are humble people of modest means who are only in this case because they were tragically victimized by the terrorism this lawsuit alleged Binance, Zhao, and BAM facilitated, aided and abetted, and materially supported. This factor goes against a transfer.  *Ritter v. Metro. Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 227839, *13, 2019 WL 8014511 (S.D. Fla., December 3, 2019)

**The First-To-File Rule In This Case Does Not Support the Requested Transfer.**

Defendants' final argument is that the case should be transferred to the SDNY because the case pending there was filed three weeks before the instant case was filed and therefore, transfer is warranted under the first-to-file rule.  [ECF# 32 at 12-14].  While there is, in the usual course of things a strong presumption in favor of transfer under the first-to-file rule, it is a rebuttable presumption, *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("rebuttable presumption" and recognizing the § 1404(a) analysis is relevant and appropriate);

*Nautilus Ins. Co. v. All Ins. Restoration Servs.*, 2021 U.S. Dist. LEXIS 99994, *5, 2021 WL 2043418 (N.D. Ala., April 23, 2021) ("rebuttable presumption").

First of all, as noted earlier, the Ninth Circuit "correctly[11]" concluded that the discretion to transfer under the first-to-file rule is cabined by the requirement under § 1404(a) that the transferee court must have personal jurisdiction over all parties and that this limitation on the first-to-file rule is compelled by the plain language of the statute and the decision in *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  *See Bozic v. United States Dist. Court*, 888 F.3d 1048, 1054 (9th Cir. 2018).  It makes no sense to apply the first-to-file rule under the extraordinary circumstance presence here in which the moving parties already have argued in the proposed transferee district that it lacks personal jurisdiction (and therefore is not a court in which this action "might have been brought.")  The nine-factor inquiry under the venue statute also argues against transfer here under the first-to-file rule.

Secondly, courts either ignore or give less weight to the first-to-file rule where, as here, the two actions are filed closely in time.  *Webster, Inc. v. Georgia Power Co.*, 779 F.3d 614, 617 (D.C. Cir. 2015); *Affinity Memory & Micro. v. K&Q Enters,*, 20 F. Supp. 2d 948, 945-955 (E.D. Va. 1998); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995).  Here, it is the Amended Complaint in the SDNY that more closely resembles the instant action and it was actually filed after the Complaint in the instant case.  The first-to-file rule in this case provides no alternative basis for transfer and must be rejected.

## Conclusion

Based on all of the foregoing, it is respectfully submitted that the Motion to Transfer must be denied.

---

[11] See 17 *Moore's Federal Practice – Civil* § 111.13[2][B].

Respectfully submitted,

/s/ David I. Schoen

David I. Schoen (ASB-0860-O42D)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com

Mark Goldfeder (pro hac vice pending)
National Jewish Advocacy Center, Inc.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager (pro hac vice forthcoming)
Goldfeder and Terry, LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2024, I caused a true and accurate copy of the foregoing to be served on all counsel of record by filing the same through this Court's ECF system.

/s/ David I. Schoen