# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ADIN GESS, NOACH NEWMAN, MAYA PARIZER, NATALIE SANANDAJI, YONI DILLER, HAGAR ALMOG, LISHAY LAVI, DAVID BROMBERG, and ARIEL EIN-GAL, <br><br> Plaintiffs, <br><br> - v. - <br><br> BAM TRADING SERVICES INC. d/b/a BINANCE.US, a Delaware corporation, BINANCE HOLDINGS LTD. d/b/a BINANCE, a foreign company, and CHANGPENG ZHAO, <br><br> Defendants. | Civil Action Case No. 24 Civ. 00134 <br><br> **ORAL ARGUMENT REQUESTED** |

## FOREIGN DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.    THE COURT SHOULD TRANSFER THIS ACTION TO THE SDNY UNDER 28
        U.S.C. § 1404(a). ....................................................................................................... 3

        A.    This Case "Might Have Been Brought" in the SDNY ..................................... 3

        B.    Transfer Serves the Interests of Justice ........................................................... 5

    II.   THE FIRST-TO-FILE RULE IS AN INDEPENDENT BASIS FOR TRANSFER TO
        THE SDNY. ............................................................................................................. 10

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AALAR, Ltd., Inc.* v. *Francis*,
  716 So. 2d 1141 (Ala. 1998) ................................................................................................... 7

*A.J. Taft Coal Co.* v. *Barnhart*,
  291 F. Supp. 2d 1290 (N.D. Ala. 2003) ................................................................................... 8

*Affinity Memory & Micro, Inc.* v. *K & Q Enterprises, Inc.*,
  20 F. Supp. 2d 948 (E.D. Va. 1998) ....................................................................................... 12

*APR, LLC* v. *American Aircraft Sales, Inc.*,
  985 F. Supp. 2d 1298 (M.D. Ala. 2013) ................................................................................... 7

*In re Bozic,*
  888 F.3d 1048 (9th Cir. 2018) ................................................................................................ 11

*Brigman* v. *Great American Opportunities, Inc.*,
  2012 WL 262394 (S.D. Ala. Jan. 6, 2012) ............................................................................... 9

*Daluise* v. *Sottile*,
  40 A.D.3d 801 (N.Y. App. Div. 2d Dep't 2007) ..................................................................... 7

*DocRX, Inc.* v. *InforMD, LLC*,
  2015 WL 3503170 (S.D. Ala. June 2, 2015) ............................................................................ 7

*Dye* v. *Mag Instrument, Inc.*,
  2010 WL 11615034 (N.D. Ala. Oct. 28, 2010) ...................................................................... 10

*Elliott* v. *Williams*,
  549 F. Supp. 3d 1333 (S.D. Fla. 2021) ................................................................................... 11

*In re LIBOR-Based Financial Instruments Antitrust Litig.*,
  2019 WL 1331830 (S.D.N.Y. Mar. 25, 2019) ...................................................................... 4-5

*Manuel* v. *Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005) ....................................................................................... 5, 10-11

*Ontel Prod., Inc.* v. *Project Strategies Corp.*,
  899 F. Supp. 1144 (S.D.N.Y. 1995) ....................................................................................... 12

*Stone & Webster, Inc.* v. *Georgia Power Co.*,
  965 F. Supp. 2d 56 (D.D.C. 2013), *aff'd*, 779 F.3d 614 (D.C. Cir. 2015) .............................. 12

*Walker* v. *Marshall*,
  2022 WL 1510897 (M.D. Ala. Apr. 15, 2022) (Marks, J.) ...................................................... 7

*Ward* v. *Family Dollar Stores, Inc.*,
  2006 WL 8435017 (N.D. Ala. Sept. 29, 2006) ............................................................................... 4

*Wiener* v. *Vignes*,
  2019 WL 13225115 (S.D. Fla. Dec. 3, 2019) ............................................................................... 11

*Wiggins* v. *Darden Restaurants, Inc.*,
  2021 WL 3276597 (M.D. Ala. July 30, 2021) .............................................................................. 8

**Statutes**

18 U.S.C. § 2334 ................................................................................................................................. 2

28 U.S.C. § 1404(a) ..................................................................................................................*passim*

The Foreign Defendants (BHL and Mr. Zhao) respectfully submit this memorandum of law in further support of their Motion to Transfer this case in its entirety to the SDNY under 28 U.S.C. § 1404(a), or alternatively, the first-to-file rule.[1]

**PRELIMINARY STATEMENT**

Approximately one month after a different set of plaintiffs filed an ATA case against the Foreign Defendants in the SDNY (the "*Raanan* Action"), Plaintiffs filed this near-copycat case in this Court, presumably because they believe this venue will provide them with some sort of strategic advantage. However, this case has nothing to do with Alabama. None of the nine Plaintiffs are alleged to reside in Alabama. None are alleged to have suffered any injury in Alabama. There are no allegations that any suit-related conduct took place here. And the Foreign Defendants have no ties to Alabama.

But Plaintiffs needed a hook on which to hang a case here, so they added Binance.US as a defendant, even though it has nothing to do with the underlying allegations in this case. Binance.US has the distinction of doing business in 40 states—one of which is Alabama. Plaintiffs concede Binance.US's near-irrelevance to this case at the outset of their Opposition, when they claim that this lawsuit is based on the "criminal conduct" of "both [BHL] and Zhao"—in other words, guilty pleas by the Foreign Defendants and ***not*** Binance.US.[2]

---

[1] Hereinafter, (i) "Motion" or "Mot." means Foreign Defendants' Memorandum of Law in Support of their Motion to Transfer (ECF No. 32); (ii) "Opposition" or "Opp." means Plaintiffs' Response in Opposition to Foreign Defendants' Motion to Transfer (ECF No. 35); and (iii) all other defined terms shall have the meaning ascribed to them in the Motion. Unless noted, emphasis is added and internal citations and quotations are omitted.

[2] This claim—that the lawsuit is based on the Foreign Defendants' criminal conduct—is false. Plaintiffs incorrectly allege that "Binance and Zhao have pled guilty to very serious crimes that include knowingly facilitating the movement of money for Hamas and other terrorist groups, and then actively attempting to conceal the same, while even joking about it." (Opp. at 2). The guilty pleas were for operating an unlicensed money transmitter business and failure to implement

1

The Foreign Defendants filed a Motion to Transfer this case to the SDNY so it can be coordinated with the first-filed *Raanan* Action, and one judge can rule on the same sets of issues. In their Motion, which Binance.US does not oppose, the Foreign Defendants demonstrated that transfer is appropriate under both Section 1404(a) and the first-to-file rule. The Opposition improperly (and incorrectly) argues the merits and boils down to the assertion that this Court should keep this case because the Foreign Defendants are challenging personal jurisdiction in the *Raanan* Action, and so they cannot meet either test for transfer.

But Plaintiffs' attempt to preserve their perceived strategic advantage in this Court makes no sense from an efficiency standpoint—which is the very purpose of the transfer laws invoked by this Motion. The Foreign Defendants were transparent in their Motion that they would be contesting personal jurisdiction in both cases, and they acknowledged that ***both*** courts may well lack personal jurisdiction under the ATA's nationwide service of process provision (*see* 18 U.S.C. § 2334), or otherwise. And they explained that (i) one court should make the personal jurisdiction determination to avoid inconsistent rulings, and (ii) in the event jurisdiction were deemed to be proper, one court should preside over both cases so they are coordinated efficiently going forward (for discovery and otherwise) and future rulings (especially given the rapidly evolving ATA jurisprudence) continue to be consistent. As detailed below, Plaintiffs' efficiency arguments—and attempts to distinguish this case from the obviously similar *Raanan* Action—are unavailing.

---

adequate anti-money laundering, know-your-customer, and sanctions compliance controls. They were absolutely ***not*** for knowingly facilitating the movement of money for Hamas or any other terrorist organization. In their irrelevant and improper attempt to argue the merits on this Motion, Plaintiffs make other misrepresentations that the Foreign Defendants will not dignify at this stage. Wherever this case proceeds, the Foreign Defendants will file a motion to dismiss demonstrating the legal insufficiency of the Complaint's allegations.

The Court, however, need not wade into these issues. Plaintiffs' argument that transfer is improper if the SDNY lacks personal jurisdiction over the Foreign Defendants will soon be moot. The motion to dismiss in *Raanan* was fully-briefed one week ago, and Judge Koeltl will be deciding whether the SDNY has personal jurisdiction in that case over both Foreign Defendants. If Judge Koeltl exercises personal jurisdiction and *Raanan* moves forward past the pleading stage, then Plaintiffs' principal argument disappears, and this Court can then determine whether transfer would be appropriate and efficient (which it would be). If Judge Koeltl dismisses *Raanan* for any reason, then there are no efficiencies to transfer, and the Foreign Defendants will withdraw their transfer Motion and file motions to dismiss (including for lack of personal jurisdiction) in this case. The Foreign Defendants respectfully submit that, for these reasons, it would be most efficient to defer a ruling on this Motion until Judge Koeltl decides the now fully-briefed dismissal motion in *Raanan*. Foreign Defendants will provide that forthcoming decision to this Court as soon as possible, but in all events within two (2) business days after it is issued.

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THIS ACTION TO THE SDNY UNDER 28 U.S.C. § 1404(a).

In their Motion, the Foreign Defendants demonstrated that transfer is appropriate under 28 U.S.C. § 1404(a) because: (i) this case "might have been brought" in the SDNY, and (ii) transfer serves the "interest of justice." (Mot. at 2, 6-12). The Opposition does not rebut this showing.

#### A. This Case "Might Have Been Brought" in the SDNY.

From a common-sense standpoint, this case "might have been brought" in the SDNY because (i) another set of plaintiffs filed a nearly identical case in the SDNY, and (ii) although Plaintiffs here also have sued Binance.US, that entity does not object to proceeding in the SDNY.

Plaintiffs do not argue that venue is improper in the SDNY, but argue principally that the Foreign Defendants cannot meet the "might have been brought" standard because they are contesting personal jurisdiction in the *Raanan* case, and thus, the Foreign Defendants have not proven they are subject to personal jurisdiction in the SDNY. But as discussed, this Court can avoid speculating as to whether the SDNY will exercise personal jurisdiction over the Foreign Defendants by simply deferring a ruling until after Judge Koeltl decides that precise issue in a forthcoming decision on a dismissal motion that is now fully-briefed.

However, even if the Court decides to consider the merits of this Motion now, transfer would still be appropriate. The Foreign Defendants do not dispute that they would ordinarily have an obligation to demonstrate personal jurisdiction on a transfer motion under Section 1404(a). But the cases Plaintiffs cite for that broad proposition (*see* Opp. at 7-8) are all inapposite because none of them address a situation where (i) a substantially similar case was filed first in another court, and (ii) the issue of personal jurisdiction is already being litigated in that other court.

Moreover, transferring the case now (again, if the Court decides to rule before Judge Koeltl) would eliminate the possibility of inconsistent rulings on the same issue. *See Ward* v. *Family Dollar Stores, Inc.*, 2006 WL 8435017, at *3 (N.D. Ala. Sept. 29, 2006) ("Transferring a case to a court in which a case involving substantially similar facts is currently pending promotes judicial economy by preventing the duplication of judicial effort and avoiding the possibility of inconsistent results."). And that consideration is particularly important here. The ATA provides for nationwide service of process, and whether any plaintiff can invoke nationwide ATA jurisdiction over either Foreign Defendant—in this case and in *Raanan*—turns on whether the Foreign Defendants have sufficient suit-related contacts with the United States ***as a whole***. (Mot. at 10 (citing *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 2019 WL 1331830, at *22

(S.D.N.Y. Mar. 25, 2019))). That means that whether in the SDNY or in this District, the nationwide personal jurisdiction analysis would be the same—and thus, the determinations should be consistent.

### B. Transfer Serves the Interests of Justice.

The Foreign Defendants demonstrated in their Motion that the balance of factors the Eleventh Circuit considers on a motion to transfer under Section 1404(a) favors transfer to the SDNY. (Mot. at 7 (citing *Manuel* v. *Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (factors include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."))). Plaintiffs' responses all lack merit.

*Plaintiffs' Choice of Forum (Factor 8) Deserves No Deference.* Plaintiffs concede that none of the Plaintiffs reside in Alabama, and also that "[t]here is no question that ordinarily some lesser amount of weight is to be accorded to the choice of forum where the place of filing is not the home forum for plaintiffs." (Opp. at 13). They offer two responses to try to overcome this general principle. Both are weak and should be rejected.

*First*, Plaintiffs argue that the rule should be different for cases like this one involving a statute with a nationwide service of process provision. (*Id.*). But Plaintiffs seem to have simply invented this proposition, for which they offer no authority.

*Second*, Plaintiffs claim that there is suit-related conduct in Alabama based on allegations "concerning the direct role [BHL] and [Mr.] Zhao played in creating [Binance.US] and facilitating

5

its solicitation of business and trading in Alabama and elsewhere, once [BHL] was barred from doing business in the United States." (*Id.* at 13-14). But obviously, creating Binance.US and soliciting business is not "suit-related conduct" in that it has nothing to do with the alleged conduct about which Plaintiffs are suing.

***Plaintiffs' Attempt to Distinguish Their Complaint from Raanan's Is Unavailing and Cannot Undercut the Efficiencies to be Gained from Transfer to the SDNY (Factor 9).*** As the Foreign Defendants explained in their Motion, the similarities between this Action and the *Raanan* Action are striking: (i) the cases include overlapping parties (the Foreign Defendants are named in both actions) and similarly situated parties (plaintiffs in both are alleged victims of the October 7 Attacks or their family members); (ii) both cases assert claims for primary and secondary liability under the ATA; and (iii) both complaints consist almost entirely of identical factual allegations drawn from the exact same public documents (a FinCEN Consent Order, CFTC complaint, and DOJ plea agreements). (*See* Mot., Appendix A). Plaintiffs do not seriously dispute any of this. Instead, they point to two minor differences: Binance.US is a defendant here, and this case has two additional causes of action.[3] (Opp. at 16). But these differences do nothing to change the analysis.

*First*, Plaintiffs' claimed differences do not undermine the efficiencies that would result from coordinating the two cases. Both cases assert that BHL and Mr. Zhao violated the ATA and JASTA by allowing BHL's generally available platform to be used by people or entities who supposedly had some unspecified ties to Hamas. That is the crux of both cases, and much of the

---

[3] While the *Gess* complaint also asserts claims for violation of the Alien Tort Statute and negligent infliction of emotional distress, Appendix A to Foreign Defendants' moving brief demonstrates that those claims are based on the same underlying allegations as the ATA claims. (*See* Mot., Appendix A).

6

proof, as well as the legal issues regarding the core federal claims, will be identical. And the law is on all fours with this common-sense approach; indeed, *Gess* and *Raanan* need ***not*** be identical for transfer to create meaningful efficiencies. *See Walker* v. *Marshall*, 2022 WL 1510897 (M.D. Ala. Apr. 15, 2022) (Marks, J.) (granting transfer where actions were "not identical," but shared a substantial overlap with respect to the issues, types of plaintiffs, and core allegations); *DocRX, Inc.* v. *InforMD, LLC*, 2015 WL 3503170, at *4 (S.D. Ala. June 2, 2015) (parties and issues need not be identical; "the crucial inquiry is whether the parties and issues substantially overlap").

*Second*, the fact that this case includes an Alabama state law claim, for negligent infliction of emotional distress, cannot defeat transfer. Judge Koeltl is perfectly capable of applying Alabama law to this single claim, particularly here, where Alabama and New York treat claims for negligent infliction of emotional distress consistently. *Compare AALAR, Ltd., Inc.* v. *Francis*, 716 So. 2d 1141, 1147 (Ala. 1998) ("Alabama law . . . limits recovery for emotional injury to those plaintiffs who sustain a physical injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct."), *with Daluise* v. *Sottile*, 40 A.D.3d 801, 803 (N.Y. App. Div. 2d Dep't 2007) ("A cause of action to recover damages for negligent infliction of emotional distress [under New York law] must generally be premised upon a breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety."). Courts in this district have previously transferred cases involving far more complex questions of state law to courts outside Alabama. *See, e.g.*, *APR, LLC* v. *American Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1306 (M.D. Ala. 2013) (even where "Alabama law governs these claims . . . this case should be transferred").

***Plaintiffs Do Not Meaningfully Dispute that the SDNY's Experience in ATA Cases Supports the Efficient Resolution of These Claims (Factor 7).*** Plaintiffs do not dispute that this

7

factor weighs in favor of transfer. Instead they argue, without any authority, that it "should not be given a lot of weight." (Opp. at 16-17). That conclusory argument ignores the fact that transfer under Section 1404(a) is premised on the conservation of judicial resources for parties and the courts alike. *Wiggins* v. *Darden Restaurants, Inc.*, 2021 WL 3276597, at *2-3 (M.D. Ala. July 30, 2021) (Section 1404(a) analysis "must evaluate both the convenience of the parties and various public-interest considerations" and ordering transfer from the Middle District of Alabama where "the District Court in Mississippi is more familiar with the applicable law, and this factor weighs in favor of transfer"). The SDNY's experience in a complex and rapidly evolving area of law should not simply be brushed aside.

Plaintiffs argue next that other courts must be capable of resolving ATA issues because their counsel and many of the same named plaintiffs that have brought this action are currently "litigating five separate ATA cases in five other jurisdictions." (Opp. at 17). If anything, that revelation smacks of forum shopping. *See, e.g.*, *A.J. Taft Coal Co.* v. *Barnhart*, 291 F. Supp. 2d 1290, 1309 (N.D. Ala. 2003) (forum shopping is historically disfavored; "[a] Plaintiff's obvious forum shopping merely adds weight to the other considerations favoring transfer [under § 1404(a)]"). Regardless, whether Plaintiffs are litigating similar ATA claims in other jurisdictions says nothing about the efficiencies to be gained from transferring *this* case to the SDNY, where a substantially similar case involving the same underlying factual allegations is currently pending.[4]

***Plaintiffs' Arguments Concerning the Convenience of the Witnesses (Factor 1) Overlook the Benefits of Coordinated Discovery.*** Plaintiffs argue that "there is no reason to believe that

---

[4] This also undercuts Plaintiffs' argument that the Court should defer to their original choice of forum. Clearly, Plaintiffs are not wed to litigating in this jurisdiction, particularly when the only plaintiff alleged to reside in the U.S. is in New York.

any witnesses are located in SDNY or even closer to the SDNY than to Alabama." (Opp. at 18). That misses the point, which is that discovery in the two cases (witnesses and documents) will overlap significantly given the similarities in the core allegations. Witnesses (whoever they are and wherever they are located) should only be deposed once, or at least in a coordinated fashion, and there is no reason for duplicative document requests or document productions either. *See Brigman* v. *Great American Opportunities, Inc.*, 2012 WL 262394, at *12 (S.D. Ala. Jan. 6, 2012), *report and recommendation adopted,* 2012 WL 262393, at *1 (S.D. Ala. Jan. 27, 2012) (granting transfer so that "discovery could be coordinated, and the witnesses would not have to travel to two different states for depositions").

***The Complaint Does Not Suggest That Alabama is the Locus of Operative Facts (Factor 4).*** Plaintiffs argue that "operative facts" related "directly to Alabama conduct" mitigate against transfer to the SDNY. (Opp. at 18-19). As noted above, the supposedly "operative facts" to which Plaintiffs refer are generic allegations that Binance.US conducts business in Alabama (*see, e.g.*, Compl. ¶ 18) and that the Foreign Defendants "creat[ed]" BAM and "facilitat[ed] its solicitation of business and trading in Alabama ***and elsewhere***." (Opp. at 13-14). That is not suit-related conduct, and Plaintiffs ignore that the same generic argument would apply to the 39 other states in which Binance.US does business.

These factors compel transfer to the SDNY. For the avoidance of doubt, however, Plaintiffs' remaining factors are neutral:

***The Relative Means of the Parties (Factor 6) is Neutral Because Plaintiffs Cannot Show any Hardship from Litigating in the SDNY.*** Plaintiffs claim that this factor weighs against transfer because they are "humble people of modest means" compared to the Foreign Defendants. (Opp. at 19). But none of them are alleged to live in Alabama, and so why would litigating here

9

be less expensive or more convenient or better for them than litigating in New York? Plaintiffs have done nothing to even try to explain this critical missing link in their argument.

***Plaintiffs Concede that the Location of Documents and Ease of Access to Sources of Proof (Factor 2), the Convenience of the Parties (Factor 3), and the Availability of Process to Compel Witness Attendance (Factor 5) Are Neutral.*** Despite conceding that these factors are neutral (Opp. at 18-19), Plaintiffs wrongly argue that transfer is inappropriate unless "each" of the nine factors relevant to the Section 1404 analysis independently favors transfer. (Opp. at 11). That is not the law. *See Dye* v. *Mag Instrument, Inc.*, 2010 WL 11615034, at \*2, \*6, \*8 (N.D. Ala. Oct. 28, 2010) (providing that the relevant inquiry involves "*the balance of factors under § 1404(a)*" and granting transfer where some factors were "neutral").[5]

## II. THE FIRST-TO-FILE RULE IS AN INDEPENDENT BASIS FOR TRANSFER TO THE SDNY.

As the Foreign Defendants demonstrated in their Motion, the first-to-file rule provides another, independent, basis for this Court to transfer this Action to the SDNY. (Mot. at 12-14). The rule provides that when a previously-filed and related case exists in another district, there is a "strong presumption" in favor of transfer to the district where the first-filed case is pending. *See Manuel*, 430 F.3d at 1135. Plaintiffs' Opposition offers three reasons why the first-to-file rule should not apply, each of which should be rejected.

---

[5] Besides arguing the factors, Plaintiffs cite to a single out-of-Circuit decision for the proposition that a transfer motion must be supported by an affidavit. (Opp. at 11-12 (citing *Excelsior Designs, Inc.* v. *Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003))). That case is distinguishable, because the transfer motion at issue was based on facts from outside the complaint, whereas the Foreign Defendants' arguments here are limited to the allegations in the operative *Raanan* and *Gess* complaints as well as the documents those complaints incorporate by reference.

*First*, Plaintiffs assert that "[w]hile there is, in the usual course of things a strong presumption in favor of transfer under the first-to-file rule, it is a rebuttable presumption." (Opp. at 19 (citing *Manuel*, 430 F.3d at 1135)). But Plaintiffs understate what is required to overcome that strong presumption and misrepresent the authority they cite. In *Manuel*, the Eleventh Circuit explained that "the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving ***compelling circumstances*** to warrant an exception to the first-filed rule." *Id.* Here there are none. Plaintiffs did not want to be in the SDNY for some reason, and so they roped Binance.US into their case and picked one out of the 40 states in which Binance.US does business that they apparently liked best. That is far from compelling.

*Second*, Plaintiffs argue that transfer under the first-to-file rule "is cabined by the requirement under § 1404(a) that the transferee court must have personal jurisdiction over all parties." (Opp. at 20). Their only support for that argument is a single out-of-Circuit decision, *In re Bozic*, which stated that "[a]lthough the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion." 888 F.3d 1048, 1054 (9th Cir. 2018). Of course, this Court is not bound by the Ninth Circuit's reasoning, which renders the first-to-file rule meaningless by requiring that parties seeking transfer satisfy ***both*** its considerations ***and*** § 1404(a). We are not aware of any other circuit to have adopted this reasoning (nor have Plaintiffs identified one), and district courts within this Circuit actually have reached the opposite conclusion. *See, e.g.*, *Elliott* v. *Williams*, 549 F. Supp. 3d 1333, 1339 (S.D. Fla. 2021) ("A transfer of a case under the first-filed rule does not depend on the presence or absence of 28 U.S.C. § 1404(a) considerations."); *Wiener* v. *Vignes*, 2019 WL 13225115, at *4 (S.D. Fla. Dec. 3, 2019) ("[T]he Court agrees with HTL that no legal authority requires a § 1404 analysis as a precondition to application of the first-to-file rule.").

*Finally*, Plaintiffs argue that this Court should ignore or give less weight to the first-to-file rule because this Action and the *Raanan* Action were filed closely in time. (Opp. at 20). But the cases on which Plaintiffs rely for this proposition are far afield. Plaintiffs filed this case one month after *Raanan*. In two of Plaintiffs' cases, the complaints were filed on the same day. (*See id.* (citing *Stone & Webster, Inc.* v. *Georgia Power Co.*, 965 F. Supp. 2d 56, 59 (D.D.C. 2013), *aff'd*, 779 F.3d 614 (D.C. Cir. 2015); *Ontel Prod., Inc.* v. *Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995))). And in the third, where the complaints were filed two weeks apart, the court agreed that "two essentially similar federal actions in separate fora ***should not continue in parallel fashion***" and concluded that the court in which the first filed action was brought should decide "the jurisdiction and transfer issues . . . first." *Affinity Memory & Micro, Inc.* v. *K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 955 (E.D. Va. 1998).

In any event, the number of days separating the filings is somewhat beside the point. The stage of the cases is most important, and here, dismissal motions in this case have not even been filed, while the *Raanan* motion to dismiss has already been fully briefed. That weighs in favor of transfer. *See id.* (favoring transfer to the forum with an action "at a more advanced stage").

## **CONCLUSION**

For these reasons, the Court should transfer this case to the SDNY.

Date: August 9, 2024

*/s/ Harlan I. Prater IV*
Harlan I. Prater IV
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL 35203
(205) 581-0720

CAHILL GORDON & REINDEL LLP
Samson A. Enzer
Anirudh Bansal
Sesi Garimella

12

Lauren A. Riddell
32 Old Slip
New York, NY 10005
(212) 701-3125

*Attorneys for Defendants Binance Holdings Limited d/b/a Binance and Changpeng Zhao*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been filed with the Court and served by the Court's ECF system, on this the 9th day of August, 2024, on:

David I. Schoen (ASB-0860-O42D)
DAVID I. SCHOEN, ATTORNEY AT LAW
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com

Mark Goldfeder
NATIONAL JEWISH ADVOCACY CENTER, INC.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager
GOLDFEDER AND TERRY LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com

*Attorneys for Plaintiffs*

Kenneth D. Sansom (SAN 047)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, AL 35203-3329
(205) 986-3620
Msansbury@spotswood.com
Ksansom@spotswood.com

*Attorneys for Defendant BAM Trading Services, Inc. d/b/a Binance.US*

                                                      */s/ Harlan I. Prater, IV*
                                                       Of Counsel