IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ADIN GESS, et al.,** | x |
| | x |
| Plaintiffs, | x |
| | x |
| | x  Civil Action No. |
| v. | x  24-cv-00134-ECM-CWB |
| | x |
| **BAM TRADING SERVICES, INC. d/b/a** | x |
| **BINANCE.US, a Delaware corporation, et al.,** | x |
| | x |
| Defendants. | x |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY**

On May 23, 2024, Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao ("Zhao") filed a motion and supporting memorandum of law asking this Court to transfer this case to the Southern District of New York ("SDNY") [ECF## 31 & 32]. Defendant BAM Trading Services, Inc., d/b/a Binance.us ("BAM") did not join in the Motion to Transfer, nor did it file its own motion seeking a transfer. On July 9, 2024, Plaintiffs filed their Opposition to the Motion to Transfer [ECF# 35].  On August 2, 2024, Defendants Binance and Zhao filed their Reply in further support of their Motion to Transfer [ECF# 36].

The Reply introduces new arguments not made in the Defendants' Motion, including a proposal on scheduling that is contrary to the agreement among the parties which the Court relied on in So Ordering the same and which would needlessly delay the prosecution of this action.  It also contains new false assertions, including attributing a concession to Plaintiffs where there has been no such thing.  Accordingly, Plaintiff seek leave to file a Surreply limited solely to

1

addressing the Defendants' arguments not previously raised.

**A Surreply Should Be Permitted Based on New Arguments in the Reply**

As this Court has recognized, "The Eleventh Circuit gives district courts two options when faced with new evidence submitted in a reply brief: "(1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 902 (11th Cir. 2019)." *Crain v. Taylor Farms Colo., Inc.*, 2023 U.S. Dist. LEXIS 207324, *7, 2023 WL 8026639 (MD Ala, Nov. 20, 2023) (Marks, C.J.).

"A district court's decision to permit the filing of a surreply is purely discretionary and should generally be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

**Defendants Have Raised New Arguments in Their Reply**

Plaintiffs rely on their Opposition in response to the arguments Defendants Binance and Zhao made in their Motion to Transfer. The proposed Surreply would only focus on the following new arguments made in their Reply:

**Defendants Seek An Undue Delay and Do Not Present a Full Picture**

1. This lawsuit was filed on February 26, 2024 [ECF# 1]. Defendant Binance.us ("BAM") was served on March 7, 2024, and moved to extend the time to respond to the Complaint until May 16, 2024, and the Court granted that motion [ECF## 11, 14]. In the meantime, counsel for Defendants Binance and Zhao reached out to the undersigned and proposed entering into a

stipulation on scheduling, purportedly to avoid the inconvenience, time, and expense of having to serve these foreign Defendants through the Hague Convention and to make proceed most efficiently with the case.[1]

Most relevant to the subject of the proposed Surreply, the stipulation among the parties provided, *inter alia*, that Binance and Zhao would file a Motion to Transfer Venue, the motion would be fully briefed between May 23, 2024 and August 9, 2024, and the Defendants would not be required to respond to the Complaint until forty-five (45) days after the motion to transfer venue was decided, assuming it is denied. This was an extraordinarily extended period of time, with no response required to the Complaint until at least some seven (7) months after the Complaint was filed, at the earliest. When Plaintiffs' counsel suggested that a shorter time frame would be better, defense counsel insisted on the longer time frame and Plaintiffs' counsel acquiesced. The stipulation was filed [ECF# 15] and the Court So Ordered it on May 14, 2024 [ECF# 19].

Now, for the first time in their Reply, Defendants ask the Court to hold the motion in abeyance and defer any ruling on it until after the proposed transferee court (SDNY) has decided these same Defendants' motion to dismiss that case for lack of personal jurisdiction. [ECF# 36 at 3].

This unilateral suggestion, with no consultation, raised for the first time in a Reply brief, is objectionable and inappropriate for multiple reasons. It also highlights the fatal deficiency in the motion to transfer. Defendants refuse to accept the burden their motion places on them.

---

[1] Defendant Zhao is in prison in the United States and would not have to be served under the Hague Convention.

First of all, at the time Defendants asked Plaintiffs to enter into the scheduling stipulation, they well knew that they would be filing a motion to dismiss arguing lack of personal jurisdiction in the SDNY case. On March 29, 2024, these same Defendants advised the court in the SDNY case that they would be moving to dismiss based on a lack of personal jurisdiction in that court [ECF# 35-2 herein]. They then filed their motion motion so arguing [ECF# 35-1].

At no time was there ever any suggestion when entering into the stipulation or in asking this Court to adopt that stipulation that this Court should defer its decision on the motion to transfer to wait until the SDNY decides whether that court has personal jurisdiction over these defendants. Nor was there any such suggestion in the Motion to Transfer filed in this case, notwithstanding the clear and unequivocal foundational requirement that the transferee court have personal jurisdiction and Defendants' argument that that court lacks personal jurisdiction.

Plaintiffs agreed to the extraordinarily long time frame in the stipulation, both for the filing of the Motion to Transfer and the Defendants' response to the Complaint, triggered by a decision on the motion to transfer, with the expectation that this Court would rule on the motion to transfer in due course and not subject to further delay, created by these Defendants, from waiting on a decision by another court in which these Defendants have taken a position that is irreconcilable with their motion to transfer as a matter of law.

Furthermore, while Defendants refer to their motion to dismiss in the SDNY as "fully-briefed" and to a decision on it by that court as "forthcoming" and promise to apprise this Court of that decision within two (2) business days of the decision, [ECF# 36 at 3, 12], that does not quite give the full picture on timing.

As the docket sheet in the SDNY case reflects, one week before Defendants Binance and

Zhao filed their Reply herein arguing in further support of the requested transfer, notwithstanding the fundamental requirement that the transferee court has personal jurisdiction, they reiterated their argument in the proposed transferee court (SDNY) that it lacks personal jurisdiction [ECF## 27 & 28 in 1:24-cv-00697-JGK-BCM - copy to be provided upon request].

More to the point on the question of timing, on August 6, 2024, the Plaintiffs in the SDNY case filed a pre-motion letter, pursuant to the Local Rules of that court, advising the Court that they intend to move to take jurisdictional discovery in connection with the claims by Binance and Zhao that that court lacks personal jurisdiction over them [ECF# 31 in 1:24-cv-00697-JGK-BCM]. On August 8, 2024, Defendants Binance and Zhao filed a letter response in the SDNY court adamantly arguing that that court - the court to which it asks this Court to transfer this case - so clearly lacks personal jurisdiction that no jurisdictional discovery should be permitted [ECF# 33 in 1:24-cv-00697-JGK-BCM]. Binance and Zhao make no mention of this in their Reply in the instant case when purporting to describe the status of the SDNY case. On August 13, 2024, Plaintiffs in the SDNY case filed their reply letter reiterating the need and legal bases for jurisdiction discovery in light of the claim by Binance and Zhao that the court lacks personal jurisdiction [ECF# 34 in 1:24-cv-00697-JGK-BCM].

While it is possible that the SDNY court might resolve the pending motion to dismiss for lack of jurisdiction sometime in the near future, it is also possible that the motion will not even be considered until a lengthy jurisdictional discovery process is completed, extending well into the future. The next step in that case is to conduct a pre-motion conference and then, in the normal course of things, for there to be motions practice on the question of whether jurisdictional discovery will proceed.

**Binance and Zhao Refuse to Accept Their Burden for Their Motion to Transfer**

The argument by Binance and Zhao that this court should hold their motion to transfer in abeyance and defer any ruling on it until the proposed transferee court decides whether it lacks personal jurisdiction suffers from their continuing failure to recognize or acknowledge the fundamental requirements for a motion to transfer and the burden the moving party bears.  They failed to address this in their motion and now in their Reply they raise it for the first time and completely mislead this Court and continue to misapprehend their burden and the foundational significance of that burden to their Motion to Transfer.  Indeed, it is hard to believe that the large group of lawyers from prominent law firms that signed on to the Reply have made the arguments they have made, completely detached from the actual legal standard.

For the first time in their Reply, Binance and Zhao address the statutory requirement that the moving party seeking a transfer must prove that the transferee court is one in which the case "might have been brought" (28 U.S.C. §1404(a)).  They argue, contrary to the well-settled law on the question that makes clear what the phrase means as a matter of law, that this Court should instead use a "common-sense" approach and recognize that this case is one which "might have been brought" in the SDNY, within the meaning of §1404(a) because the SDNY plaintiffs filed the case there and because Binance.us does not object to proceeding in the SDNY [ECF# 36 at 3].  HUH?  This is not a free-for-all in which lawyers get to make up their own meaning for legal terms and these certainly are not legally cognizable bases that satisfy the statutory requirement.

"Might have been brought" is a statutory term with a precise legal definition as commentators and the relevant case law have made crystal clear.  The fact that these elements are the moving party's legal obligation to prove also is axiomatic.  Simply put, the statutory phrase

6

means that "the transferee court must be a proper venue and must have personal jurisdiction over the defendant without waiver by the defendant." 3 *Moore's Federal Practice – Civil* §14.40. *See e.g.*, *Rose v. IBM*, 2024 U.S. Dist. LEXIS 47323, 2024 WL 1600324 (C.D. Cal., March 18, 2024) (Denying motion to transfer to the SDNY under both § 1404(a) and the "first to file" rule and notwithstanding defendant's consent to personal jurisdiction in the SDNY, because defendant filed to prove personal jurisdiction in the SDNY); *JBS Hair, Inc. v. Beauty Elements, Corp.*, 2022 U.S. Dist. LEXIS 94136, *2-*3, 2022 WL 1658415 (N.D. Ga., May 25, 2022) ("[T]he moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district").[2]

Defendants' argument, asserted for the first time in their Reply brief, that this Court should hold their Motion to Transfer in abeyance and defer any ruling until the SDNY rules on

---

[2] For the first time in their Reply, Binance and Zhao acknowledge, as they must, that ordinarily the moving party has an obligation to prove that the proposed transferee court has personal jurisdiction. They also acknowledge that Plaintiffs have provided the Court in their Opposition with abundant, uncontradicted authority standing for that proposition [ECF# 36 at 4, referring to ECF# 35 at 7-8; see also ECF# 35 at 4-7]. However, they attempt in their Reply, for the first time, to dismiss all of the uncontradicted case law on the meaning of "might have been brought" and on the allocation of the burden on the moving party, by asserting that none of the cases involves a situation in which "a substantially similar case was filed first in another court" or where "the issue of personal jurisdiction is already being litigated in that other court." [ECF# 36 at 4]. The first assertion is just patently false as an actual reading of the cases cited by Plaintiff make clear. The second is just a circular and absurd notion. It ignores that the question is the moving party's burden to prove. Indeed, it is a function as well of the fact that parties other than Binance and Zhao apparently understand that it is irreconcilable with the burden of proving to the transferor court that the transferee court has personal jurisdiction to literally simultaneously and vigorously argue that the transferee court completely lacks personal jurisdiction. No other parties would have the chutzpah to demean the acumen of a court by engaging in such arguments. Of course, Defendants cite no authority that would relieve them of their fundamental burden under the circumstances presented here. Binance and Zhao have tremendous financial resources; but that does not entitle them to an exemption from the legal requirements for a motion to transfer; nor does it entitle them to change the meaning of "might have been brought."

their Motion to Dismiss for lack of personal jurisdiction must be rejected and their Motion to Transfer must be denied. This new proposal not only is inconsistent with the stipulation and Order on scheduling; it ignores the burden the moving party bears in proving personal jurisdiction in the transferee court. These Defendants cannot meet their burden and should not be indulged further while simultaneously arguing in the proposed transferee court that it lacks personal jurisdiction.

The issue is quite simple. The law requires a party moving to transfer venue to prove that the transferee court has personal jurisdiction. It is their burden at the time they make their motion and they chose when to make their motion. It is not a matter of whether the proposed transferee court at some point in the future decides it has personal jurisdiction; nor is it a matter of this Court having to delay proceedings before it to wait and see. The inquiry, as every case Plaintiffs have cited makes clear, is whether in their motion the moving party proves that the transferee court has personal jurisdiction.

Binance and Zhao have argued unequivocally and strenuously, before, during, and after filing their motion to transfer herein, that the proposed transferee court, the SDNY **does not have** personal jurisdiction. That argument by definition renders it a legal impossibility for Binance and Zhao to satisfy their burden with respect to the motion they chose to file when they chose to file it and therefore the motion to transfer must be denied out of hand now.

This new suggestion of deferring a ruling is apparently an alternative to the suggestion in their motion that this Court just transfer the case without regard to whether the transferee court lacks personal jurisdiction, and just let that court sort it out [ECF# 32 at 7, n.6] - an approach that has been expressly rejected. *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960). *See Durham v. LG*

*Chem, Ltd.*, 2021 U.S. Dist. LEXIS 77393, *12-*20, 2021 WL 1573898 (N.D. Ga., April 22, 2021).

These Defendants made the decision to make their motion to transfer when they did, burdening Plaintiffs with filing a response to their untenable motion, knowing that they were vigorously advocating a position in the transferee court that was irreconcilable with their obligation on a motion to transfer. They had the burden when they made their motion and their own arguments in the SDNY are directly contrary to what is required to fulfill that burden in this Court and therefore the motion must be denied now, with the case moving forward. A decision on the pending Motion to Transfer and the burden that motion places on Binance and Zhao is not and must not be made dependent on a ruling by the SDNY whenever that is made. Binance and Zhao have not and cannot meet their burden of proving personal jurisdiction in their proposed transferee court while they simultaneously argue in that court that it lacks personal jurisdiction. It goes well beyond any question of transparency to the fundamental merits of the motion before this Court.

**Defendants Make First-Time Assertions in Their Reply That are Untrue**

2. Binance and Zhao in their Reply make two additional assertions for the first time in their Reply which are not just untrue; they are preposterous. They assert in their Reply that (1) Binance.us, the company Binance and Zhao created once Binance was banned from doing business in the U.S., "has nothing to do with the underlying allegations in this case." [ECF# 36 at 1] and that (2) "Plaintiffs concede Binance.US's near-irrelevance to this case at the outset of their Opposition, when they claim this lawsuit is based on the 'criminal conduct' of 'both [BHL] and Zhao' - in other words, guilty pleas by the Foreign Defendant and **not** Binance.US." [ECF# 36 at

9

1].[3]

      This notion, arrived at through convoluted reasoning and self-serving mischaracterizations, that the parties opposing these Defendants "concede" what the Defendants represent to the Court are concessions, appears to be a hallmark of these Defendants and/or their lawyers, as a reading of the papers submitted by the parties in the SDNY case make clear as well. There have been no such concessions here. These representations by Defendants with respect to Plaintiffs' allegations or "concessions" about Binance.US are directly and fully contradicted by a reading of the Complaint [ECF# 1 at 8-15] and in the Opposition itself [ECF# 35 at 10-11, n.9]. Binance.us is not merely some "hook" separated in any meaningful way from Binance and Zhao.

---

[3] In addition, Binance and Zhao drop a footnote that reads: "This claim - that the lawsuit is based on the Foreign Defendants' criminal conduct - is false." They go on to minimize their criminal conduct in support of international terrorism and Foreign Terrorist Organizations by implying that their criminal conduct at issue is limited to what they actually pled guilty to. They complain about Plaintiffs" "irrelevant and improper attempt to argue the merits on this Motion" [ECF# 36 at 1-2, n.2]. These Defendants could not be more wrong in each of these assertions.

The lawsuit absolutely is based on their outrageous, knowing, willful, and intentional criminal conduct as comprehensively documented by the Department of Justice and the Securities and Exchange Commission, as supported by indisputable evidence obtained by those agencies, and as alleged in the Complaint herein, demonstrating the same. Their guilty pleas do not in any way reflect the magnitude or full nature of their criminal conduct and this lawsuit is fully based on their criminal conduct, as reflected in their guilty pleas and beyond. The fact that their agreement and ability to pay a financial penalty in excess of $4 billion in connection with their plea negotiations gave them leverage in charge bargaining does not in any way limit their criminal conduct that is at issue nor the proof Plaintiffs will be prepared to put on in support of all allegations in the Complaint (and that mirror the findings by the government agencies after a full investigation).

Their complaint that Plaintiffs referred to the underlying merits in the context of their Motion to Transfer is badly misplaced. It was Binance and Zhao who opened the door to his when they initiated a discussion of the merits by misrepresenting and attempting falsely to minimize their criminal conduct in their Memorandum in support of their Motion to Dismiss [See e.g. ECF# 32 at 1].

10

As alleged in the Complaint (and by the Securities and Exchange Commission), Binance.us is the creation of Binance and Zhao, acting in full association with them, created as their response to being barred from doing business in the U.S. because of their outrageous criminal conduct. These Defendants made the affirmative decision to solicit the investment business of unsuspecting Alabamians through Binance.us. They have subjected themselves to the jurisdiction of this Court based on their own affirmative conduct. Falsely attempting either to minimize the status and role of Binance.us or attributing any "concession" of the same to the Plaintiffs is contrary to the allegations in the Complaint and argument in the Opposition and, in any event, is unsupportable.

Finally on this issue, focusing on the criminal conduct of Binance and Zhao, to the extent the Opposition does, is no concession of any kind with respect to Binance.us's role. It is just Binance and Zhao who made the Motion to Transfer and so the Opposition focuses mainly on them, while also addressing Binance.US's creation and relationship to them.

Defendants' assertion in their Reply, in the context of their argument on this point, that the choice of Alabama in this case or the fact that undersigned counsel have multiple Anti-Terrorism cases pending in multiple jurisdictions "smacks of forum-shopping" ECF# 36 at 8] is both entirely misinformed and offensive. There are case-specific reasons for the forum in which each of the cases has been filed and there is no reason to believe any of the five forums provides any strategic advantage to the Plaintiffs in any way. As with their assertions about purported "concessions," one would have hoped that, consistent with their obligations as officers of the Court and, especially their duty of candor, defense counsel would have sought to inform themselves a bit concerning the relevant facts, before casting aspersions and inventing

motivations.

## Conclusion

For the foregoing reasons, it is respectfully requested that Plaintiffs be permitted to file a Surreply, limited solely to these new assertions by the Defendants, raised for the first time in their Reply.

Respectfully submitted,

/s/ David I. Schoen
David I. Schoen (ASB-0860-O42D)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com

Mark Goldfeder (pro hac vice pending)
National Jewish Advocacy Center, Inc.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager (pro hac vice forthcoming)
Goldfeder and Terry, LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2024, I caused a true and accurate copy of the foregoing to be served on all counsel of record by filing the same through this Court's ECF system.

/s/ David I. Schoen