IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ADIN GESS, et al.,** x | |
| x | |
| **Plaintiffs,** x | |
| x | Civil Action No. |
| v. x | 24-cv-00134-ECM-CWB |
| x | |
| **BAM TRADING SERVICES, INC. d/b/a** x | |
| **BINANCE.US, a Delaware corporation, et al.,** x | |
| x | |
| **Defendants.** x | |

**PLAINTIFFS' SURREPLY TO MOTION TO TRANSFER REPLY [ECF# 36]**

Pursuant to the Court's August 30, 2024 Order [ECF# 38], Plaintiffs herein now file their Surreply to Defendants' Motion to Transfer Reply [ECF# 36], limited solely to some of the arguments Defendants raise in their Reply which they have not previously raised:

**Defendants Seek Undue Delay and Do Not Present a Full Picture**

1.     This lawsuit was filed on February 26, 2024 [ECF# 1]. Defendant Binance.us ("BAM") was served on March 7, 2024, and moved to extend the time to respond to the Complaint until May 16, 2024, and the Court granted that motion [ECF## 11, 14]. All parties then entered into a stipulation on scheduling. The stipulation provided, *inter alia*, that Binance and Zhao would file a Motion to Transfer Venue, the motion would be fully briefed between May 23, 2024 and August 9, 2024, and the Defendants would not be required to respond to the Complaint until forty-five (45) days after the motion to transfer venue was decided, assuming it is denied, a date which would mean no response to the Complaint until at least some seven (7) months after the

1

Complaint was filed, at the earliest. The stipulation was filed [ECF# 15] and the Court So Ordered it on May 14, 2024 [ECF# 19].

For the first time in their Reply, Defendants ask the Court to hold the motion in abeyance and defer any ruling on it until after the proposed transferee court (SDNY) has decided these same Defendants' motion to dismiss that case for lack of personal jurisdiction. [ECF# 36 at 3]. Plaintiffs object to this unilateral request, raised for the first time in a Reply brief.

At the time Defendants asked Plaintiffs to enter into the scheduling stipulation, they well knew that they would be filing a motion to dismiss arguing lack of personal jurisdiction in the SDNY case. On March 29, 2024, these same Defendants advised the court in the SDNY case that they would be moving to dismiss based on a lack of personal jurisdiction in that court [ECF# 35-2 herein]. They then filed their motion so arguing [ECF# 35-1].

At no time was there ever a suggestion when entering into the scheduling stipulation this Court adopted or on the Motion to Transfer that this Court should defer its decision on the Motion to Transfer until the SDNY decides whether that court has personal jurisdiction over these defendants - a position that is irreconcilable with their Motion to Transfer as a matter of law. Furthermore, while Defendants refer to their motion to dismiss in the SDNY as "fully-briefed" and to a decision on it by that court as "forthcoming" [ECF# 36 at 3, 12], that does not an accurate picture on timing.

Defendants omit from their Reply that one week prior to its filing, they reiterated their argument in the proposed transferee court (SDNY) that it lacks personal jurisdiction [ECF## 27 & 28 in 1:24-cv-00697-JGK-BCM - copy to be provided upon request]. Defendants also omit from their Reply that on August 6, 2024, the Plaintiffs in the SDNY case filed a pre-motion

2

letter, advising the Court that they intend to move to take jurisdictional discovery in connection with the claim by Defendants that the SDNY lacks personal jurisdiction over them [ECF# 31 in 1:24-cv-00697-JGK-BCM]. Defendants also omit that on August 8, 2024, they filed a letter response in the SDNY court adamantly arguing that the court to which it asks this Court to transfer this case so clearly lacks personal jurisdiction that no jurisdictional discovery should be permitted [ECF# 33 in 1:24-cv-00697-JGK-BCM]. On August 13, 2024, Plaintiffs in the SDNY case filed their reply letter reiterating the need and legal bases for jurisdictional discovery. [ECF# 34 in 1:24-cv-00697-JGK-BCM]. The issue is pending.

While it is possible that the SDNY court might resolve the pending motion to dismiss for lack of jurisdiction in the near future, it is also possible that the motion will not be considered until a lengthy jurisdictional discovery process is completed, extending well into the future.

### **Binance and Zhao Refuse to Accept Their Burden for Their Motion to Transfer**

2. For the first time in their Reply, Binance and Zhao purport to address the statutory requirement that the moving party seeking a transfer must prove that the transferee court is one in which the case "might have been brought" (28 U.S.C. §1404(a)). They argue in their Reply that this Court should use a "common-sense" approach and recognize that this case is one which "might have been brought" in the SDNY, within the meaning of §1404(a) because the SDNY plaintiffs filed the case there and because Binance.us does not object to proceeding in the SDNY [ECF# 36 at 3]. There is no legal basis for such a position. This is not a free-for-all in which lawyers get to make up their own meaning for legal terms and these certainly are not legally cognizable bases that satisfy the statutory requirement.

"Might have been brought" is a statutory term with a precise legal definition as

commentators and the relevant case law have made crystal clear. The fact that these elements are the moving party's legal obligation to prove also is axiomatic. Simply put, the statutory phrase means that "the transferee court must be a proper venue and must have personal jurisdiction over the defendant without waiver by the defendant." 3 *Moore's Federal Practice – Civil* §14.40. *See e.g.*, *Rose v. IBM*, 2024 U.S. Dist. LEXIS 47323, 2024 WL 1600324 (C.D. Cal., March 18, 2024) (Denying motion to transfer to the SDNY under both § 1404(a) and the "first to file" rule and notwithstanding defendant's consent to personal jurisdiction in the SDNY, because defendant filed to prove personal jurisdiction in the SDNY); *JBS Hair, Inc. v. Beauty Elements, Corp.,* 2022 U.S. Dist. LEXIS 94136, *2-*3, 2022 WL 1658415 (N.D. Ga., May 25, 2022) ("[T]he moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district").[1]

Defendants' argument that this Court should hold their Motion to Transfer in abeyance and defer any ruling until the SDNY rules on their Motion to Dismiss for lack of personal

---

[1] For the first time in their Reply, Binance and Zhao acknowledge, as they must, that ordinarily the moving party has an obligation to prove that the proposed transferee court has personal jurisdiction. They also acknowledge that Plaintiffs have provided the Court in their Opposition with abundant, uncontradicted authority standing for that proposition [ECF# 36 at 4, referring to ECF# 35 at 7-8; see also ECF# 35 at 4-7]. However, they attempt in their Reply, for the first time, to dismiss all of the uncontradicted case law on the meaning of "might have been brought" and on the allocation of the burden on the moving party, by asserting that none of the cases involves a situation in which "a substantially similar case was filed first in another court" or where "the issue of personal jurisdiction is already being litigated in that other court." [ECF# 36 at 4]. The first assertion is just patently false as an actual reading of the cases cited by Plaintiff make clear. The second is just a circular and absurd notion and ignores their burden. Parties other than Binance and Zhao understand that it is irreconcilable with the burden of proving to the transferor court that the transferee court has personal jurisdiction to simultaneously and vigorously argue that the transferee court completely lacks personal jurisdiction. No other parties would have the chutzpah to demean the acumen of a court by engaging in such arguments. Of course, Defendants cite no authority that would relieve them of their fundamental burden under the circumstances presented here.

jurisdiction must be rejected and their Motion to Transfer must be denied.  This new proposal not only is inconsistent with the stipulation and Order on scheduling; it ignores the burden the moving party bears in proving personal jurisdiction in the transferee court.  These Defendants cannot meet their burden and should not be indulged further while simultaneously arguing in the proposed transferee court that it lacks personal jurisdiction.

The issue is quite simple.  The law requires a party moving to transfer venue to prove that the transferee court has personal jurisdiction.  It is their burden at the time they make their motion and they chose when to make their motion.  It is not a matter of whether the proposed transferee court at some point in the future decides it has personal jurisdiction; nor is it a matter of this Court having to delay proceedings before it to wait and see.  The inquiry, as every case Plaintiffs have cited makes clear, is whether in their motion the moving party proves that the transferee court has personal jurisdiction.

Binance and Zhao have argued unequivocally and strenuously, before, during, and after filing their motion to transfer herein, that the proposed transferee court, the SDNY **does not have** personal jurisdiction.  That argument by definition renders it a legal impossibility for Binance and Zhao to satisfy their burden with respect to the motion they chose to file when they chose to file it and therefore the motion to transfer must be denied out of hand now.

This new suggestion of deferring a ruling is apparently an alternative to the suggestion in their motion that this Court just transfer the case without regard to whether the transferee court lacks personal jurisdiction, and just let that court sort it out [ECF# 32 at 7, n.6] - an approach that has been expressly rejected.  *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960). *See Durham v. LG Chem, Ltd.*, 2021 U.S. Dist. LEXIS 77393, *12-*20, 2021 WL 1573898 (N.D. Ga., 4/22/20210).

These Defendants made the decision to file their Motion to Transfer when they did, burdening Plaintiffs with filing a response to their untenable motion, knowing that they were vigorously advocating a position in the transferee court that was irreconcilable with their obligation on a motion to transfer.  They had the burden when they made their motion and their own arguments in the SDNY are directly contrary to what is required to fulfill that burden in this Court and therefore the motion must be denied now, with the case moving forward.  A decision on the pending Motion to Transfer and the burden that motion places on Binance and Zhao is not and must not be made dependent on a ruling by the SDNY whenever that is made.  Binance and Zhao have not and cannot meet their burden of proving personal jurisdiction in their proposed transferee court while they simultaneously argue in that court that it lacks personal jurisdiction.  It goes well beyond any question of transparency to the fundamental merits of the motion before this Court.

<u>**Defendants Make First-Time Assertions in Their Reply That are Untrue**</u>

3.  Binance and Zhao in their Reply make two additional assertions for the first time in their Reply which are not just untrue; they are preposterous.  They assert in their Reply that (A) Binance.us, the company Binance and Zhao created once Binance was banned from doing business in the U.S., "has nothing to do with the underlying allegations in this case." [ECF# 36 at 1] and that (B) "Plaintiffs concede Binance.US's near-irrelevance to this case at the outset of their Opposition, when they claim this lawsuit is based on the 'criminal conduct' of 'both [BHL] and Zhao' - in other words, guilty pleas by the Foreign Defendant and **not** Binance.US." [ECF#

36 at 1].[2]  Plaintiffs have not conceded any such thing at all.

These representations by Defendants with respect to Plaintiffs' allegations or "concessions" about Binance.us are directly contradicted by a reading of the Complaint [ECF# 1 at 8-15] and the Opposition [ECF# 35 at 10-11, n.9].  Binance.us is not merely some "hook" separated in any meaningful way from Binance and Zhao.  As alleged in the Complaint (and by the Securities and Exchange Commission), Binance.us is the creation of Binance and Zhao, acting in full association with them, created as their response to being barred from doing business in the U.S. because of their outrageous criminal conduct and to facilitate their illegal activity that

---

[2]  In addition, Binance and Zhao drop a footnote that reads: "This claim - that the lawsuit is based on the Foreign Defendants' criminal conduct - is false." They go on to minimize their criminal conduct in support of international terrorism and Foreign Terrorist Organizations by implying that their criminal conduct at issue is limited to what they actually pled guilty to.  They complain about Plaintiffs" "irrelevant and improper attempt to argue the merits on this Motion" [ECF# 36 at 1-2, n.2].  These Defendants could not be more wrong in each of these assertions.

The lawsuit absolutely is based on their outrageous, knowing, willful, and intentional criminal conduct as comprehensively documented by the Department of Justice and the Securities and Exchange Commission, as supported by indisputable evidence obtained by those agencies, and as alleged in the Complaint herein, demonstrating the same.  Their guilty pleas do not in any way reflect the magnitude or full nature of their criminal conduct and this lawsuit is fully based on their criminal conduct, as reflected in their guilty pleas and beyond.  The fact that their agreement and ability to pay a financial penalty in excess of $4 billion in connection with their plea negotiations gave them leverage in charge bargaining does not in any way limit their criminal conduct that is at issue nor the proof Plaintiffs will be prepared to put on in support of all allegations in the Complaint (and that mirror the findings by the government agencies after a full investigation). The statement from the U.S. Treasury Department detailing the terms of their settlement with Binance and specifically noting the facilitation of money transfers by Hamas gives the Court some idea of the matter and just how misplaced are Defendants' protestations: https://home.treasury.gov/news/press-releases/jy1925

Their complaint that Plaintiffs referred to the underlying merits in the context of their Motion to Transfer is misplaced.  It was Binance and Zhao who opened the door to this.  They initiated a discussion of the merits by misrepresenting and attempting falsely to minimize their criminal conduct in their Memorandum in support of their Motion to Transfer [See e.g. ECF# 32 at 1].

is alleged in the Complaint. These Defendants made the affirmative decision to solicit the investment business of unsuspecting Alabamians through Binance.us. They have subjected themselves to the jurisdiction of this Court based on their own affirmative conduct. Falsely attempting either to minimize the status and role of Binance.us or attributing any "concession" of the same to the Plaintiffs is contrary to the allegations in the Complaint and argument in the Opposition and is unsupportable.[3]

Focusing on the criminal conduct of Binance and Zhao, to the extent the Opposition does, is no concession of any kind with respect to Binance.us's role. Binance and Zhao made the Motion to Transfer; so the Opposition focuses mainly on them.

Defendants' first-time assertion in their Reply that the choice of Alabama in this case or the fact that undersigned counsel have multiple Anti-Terrorism cases pending in multiple jurisdictions "smacks of forum-shopping" [ECF# 36 at 8] is both entirely misinformed and offensive. There are case-specific reasons for the forum in which each of the cases has been filed and there is no reason to believe any of the five forums provides any strategic advantage to the Plaintiffs. One would have hoped that as officers of the Court, , defense counsel would have sought to inform themselves before casting aspersions and inventing motivations.

## Conclusion

It is respectfully requested that the Court reject the first-time assertions in the Reply and deny the Motion to Transfer.

---

[3] Exhibit 1, the Government's Sentencing Memorandum in the criminal case against Binance, explains to some degree these Defendants' scheme in creating the wholly-owned Binance.us in order to conceal and facilitate their unlawful conduct.

Respectfully submitted,

/s/ David I. Schoen
David I. Schoen (ASB-0860-O42D)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com


Mark Goldfeder (pro hac vice pending)
National Jewish Advocacy Center, Inc.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager (pro hac vice forthcoming)
Goldfeder and Terry, LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com
*Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2024, I caused a true and accurate copy of the foregoing to be served on all counsel of record by filing the same through this Court's ECF system.

/s/ David I. Schoen