IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ADIN GESS, et al.,** | x |
| | x |
| Plaintiffs, | x |
| | x   Civil Action No. |
| v. | x   24-cv-00134-ECM-CWB |
| | x |
| **BAM TRADING SERVICES, INC. d/b/a** | x |
| **BINANCE.US, a Delaware corporation, et al.,** | x |
| | x |
| Defendants. | x |

### REPLY TO FOREIGN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

On November 20, 2024, Plaintiffs filed a Motion for Leave to Supplement the Record (ECF# 50). The motion was rather straightforward and consistent with keeping this Court apprised of developments in the proposed transferee court that are relevant to the transfer motion.

In the Motion for Leave to Supplement the Record, Plaintiffs made reference to the motion pending before this Court by the Foreign Defendants, seeking to transfer this case to the Southern District of New York ("SDNY"). Then reference was made to Plaintiffs' position with respect to that motion - that the motion must be denied because the burden is on the moving party to prove personal jurisdiction in the transferee court and these Foreign Defendants have argued in the transferee district that it *lacks* personal jurisdiction (ECF# 50 at 1).

That, of course, is the issue that is fully briefed, has been orally argued and is under advisement. The Court indicated an Order would be forthcoming for reasons stated at oral argument, including the agenda the stipulation provides for if the motion to transfer is denied..

1

While the matter is still under advisement, Plaintiffs sought to supplement the record by providing the Court with a copy of a motion to dismiss which these same Foreign Defendants filed in another case in the proposed transferee court (SDNY), *Troell, et al. v. Binance Holdings Limited, et al.*, 1:2024-cv-07136-JSR.  The stated purpose of the motion to supplement was to show this Court that these same Defendants, even after the oral argument herein, have taken the position in a second case in the SDNY that the SDNY lacks personal jurisdiction over them.  That seemed like a simple matter; no additional argument was offered, and, of course, on November 21, 2024, this Court granted the motion for leave to supplement the record (ECF# 51).

Nevertheless, on December 2, 2024, the Foreign Defendants filed a response to the already granted motion for leave to supplement the record.  The response does not in any way argue against the supplementation of the record.  Oddly, the foreign defendants explain that they filed the response to advise the Court that the pleading that was filed to supplement the record reflected their argument that the SDNY lacks personal jurisdiction over them that was made in a second case against them in the SDNY, *Troell, et al. v. Binance Holdings Limited, et al.*, 24 Civ. 07136-JSR (S.D.N.Y.), rather than in the first case in which they continue to argue that the SDNY lacks personal jurisdiction over them, *Ranaan et al. v. Binance Holdings Limited et al.*, 24, Civ. 697-JGK) (S.D.N.Y.) (ECF# 53 at 2).

That is an odd purpose for a number of reasons:
(1) The Motion for Leave to Supplement expressly advises this Court that the proposed supplement was a motion filed in "... another case recently filed in the Southern District of New York ("SDNY") against the moving parties, *Troell, et al. v. Binance Holdings Limited, et al.*, 1:2024-cv-07136-JSR."  (ECF# 50 at 1).  Moreover, the pleading that supplemented the record,

2

very clearly has the caption from the *Troell* case. This Court already has proven itself to be a very competent and careful reader of all that is filed. It certainly was not necessary to file a response simply to repeat for the Court what the motion and the pleading already reflected. (2) Additionally, the *Troell* case was discussed during the oral argument on October 22, 2024. The Court was advised of its filing, but indicated that it already was familiar with it and asked for the proper pronunciation of "*Troell*." The Court was further advised that it was a second case, filed before Judge Rakoff (and not Judge Koeltl) and that despite these Foreign Defendants' best efforts at trying to convince Judge Rakoff that it was so closely related to the *Ranaan* case that it should be transferred to Judge Koeltl for consolidation with *Ranaan*, he denied the request. (3) It is irrelevant to the issue before this Court whether the Foreign Defendants filed the pleading in the *Ranaan* case or the *Troell* case. Either way, it was a motion filed in a case the Foreign Defendants have contended is a similar case, in the SDNY, reflecting the continuing argument by these Foreign Defendants that the SDNY lacks personal jurisdiction over them. That is the very position that makes their motion to transfer venue from this Court to the SDNY a non-starter, as we have discussed at length. And the reason the record was supplemented here was to show this Court that these same foreign defendants consistently argue that the SDNY lacks personal jurisdiction over them as now reflected in two similar cases.

Two further points in direct reply to the response filed by the foreign defendants:

The foreign defendants assert in their response that "[A]s the Court knows, Foreign Defendants have moved to transfer this case to Judge Koeltl in the Souther District of New York..." (ECF# 53 at 1). That is not accurate. The Foreign Defendants have moved to transfer venue to the SDNY, not to Judge Koeltl. If this case were transferred to the SDNY, they

certainly would be free to argue there that it should be consolidated with the *Ranaan* case, just as they tried unsuccessfully to argue in *Troell*.  But the relevant inquiry is whether the proposed transferee district has personal jurisdiction.  That is their burden to prove.  The fact that they have argued in *Troell* that the SDNY lacks personal jurisdiction over them is just as relevant to the issue before this Court as their argument to that effect in *Ranaan*.

Finally, since they chose to file a response that tries to draw some distinction between the two cases with respect to their argument that the SDNY lacks personal jurisdiction,[1] let's make things crystal clear.  Not only is there no relevant difference for purposes of the issue before this Court as to which case in the SDNY the argument against personal jurisdiction was made, the fact of the matter is, it is not just the *Troell* case in which these Foreign Defendants continue to make the argument that the SDNY lacks personal jurisdiction over them.

Indeed, in the *Ranaan* case, before Judge Koeltl, on November 18, 2024, these Foreign Defendants filed a letter reiterating that they continue to maintain in the *Ranaan* case that the SDNY lacks personal jurisdiction over them.  The letter is self-explanatory (Exhibit 1 hereto).[2]

Respectfully submitted,

/s/ David I. Schoen
David I. Schoen (ASB-0860-O42D)
Counsel for Plaintiffs

---

[1] The Foreign Defendants finally explain the purported purpose of their filing in the very last sentence: "While both *Ranaan* and *Troell* are pending in the S.D.N.Y., Foreign Defendants wish to make clear that Plaintiffs' motion seeking leave to supplement addresses a separate case, *Troell*, that is not assigned to Judge Koeltl."  (ECF# 53 at 2).

[2] Perhaps it should not be surprising that Binance claims a lack of personal jurisdiction in each of its cases.  It notoriously claims to have no physical location and to not be subject to any country's securities regulations regime; but courts are starting to catch on.  *See, e.g., Miller v. Binance*, 96 F.4th 129, 133, 136-37, 139-40 (2d Cir. 2024)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2024, I caused a true and accurate copy of the foregoing to be served on all counsel of record by filing the same through the ECF system.

/s/ David I. Schoen

David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com

Mark Goldfeder (pro hac vice pending)
National Jewish Advocacy Center, Inc.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager (pro hac vice forthcoming)
Goldfeder and Terry, LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com