**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| ADIN GESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAM TRADING SERVICES INC. d/b/a BINANCE.US, et al., <br><br> Defendants. | Case No. 2:24-cv-00134-ECM-CWB |

**DECLARATION OF CHRISTOPHER WALL IN SUPPORT OF**
**DEFENDANT CHANGPENG ZHAO'S MOTION TO DISMISS**

I, Christopher Wall, declare as follows:

1. I am a lawyer qualified in the Cayman Islands and England and Wales. I am a partner with the law firm Ogier (Cayman) LLP.

2. I have been retained by Defendant Changpeng Zhao to offer independent analysis solely on the doctrine of piercing the corporate veil under Cayman Islands law. I am competent to opine on this doctrine, having practiced law in the Cayman Islands in the area of banking and finance, as well as corporate law, for over six-and-a-half years and having been admitted in England and Wales as a solicitor since 2010.

3. I have reviewed Plaintiffs' Complaint filed in the above-referenced action and offer the following independent analysis based on my knowledge of, and experience with, Cayman Islands law and English law principles.

**I.      General Principles**

4.      The general principles regarding corporate personality under Cayman law are similar to those established under English law, and the courts of the Cayman Islands will regard English judicial authorities as persuasive (although not technically binding).

5.      It is fundamental Cayman and English law "that a company is a separate legal entity as distinct from its members so that it is separate at law from its shareholders and directors," and a company has rights and liabilities of its own which are distinct from those of its shareholders. *See Green Valley Nursery v. Ebanks and Empire.* G 216 of 2016 (attached hereto as Exhibit A).

**II.     Piercing the Corporate Veil**

   **A.     English Law**

6.      Piercing the corporate veil is an expression that means disregarding the separate legal personality of a company.  As a matter of English common law, it is only in exceptional circumstances that the principle of the separate legal personality of a company can be ignored such that the court will "pierce the corporate veil."  *See Prest v. Petrodel Resources Limited* [2013] 2 A.C. 415 (attached hereto as Exhibit B).

7.      The UK Supreme Court conducted a detailed review in *Prest* of the relevant previous authorities and is now the leading English case on piercing the corporate veil.  The Supreme Court confirmed the well-established principle that the court may be justified in piercing the corporate veil only in exceptional cases, as when a company's separate legal personality is being abused to wrongfully circumvent pre-existing obligations of a company's shareholder for the purpose of some wrongdoing.

8.      The Supreme Court thus concluded: "[T]here is a limited principle of English law which applies when a person is under an existing legal obligation or liability or subject to an

2

existing legal restriction which he deliberately evades or whose enforcement he deliberately frustrates by interposing a company under his control. The court may then pierce the corporate veil for the purpose, and only for the purpose, of depriving the company or its controller of the advantage that they would otherwise have obtained by the company's separate legal personality."

9. The Supreme Court in *Prest* identified only two previous cases where the evasion principle had been properly engaged on the facts, *Jones v. Lipman* [1962] 1 WLR 832 and *Gilford Motor Co. Ltd v. Horne* [1933] Ch 935 (attached hereto as Exhibits C and D, respectively).

10. *Jones* concerned a defendant who contracted to sell a house, changed his mind, refused to complete the sale, and, in order to avoid specific performance of the sale, conveyed the house to a company formed for that purpose alone, which he owned and controlled.

11. *Gilford* concerned a defendant who had a non-competition clause in his employment contract that precluded him being engaged in any competing business in a specified geographical area for five years after the end of his employment. He formed a company in his wife's name to circumvent that clause and compete with his employer through the company.

12. In *Persad v. Singh* [2017] UKPC 32 (attached hereto as Exhibit E), the Judicial Committee of the Privy Council, the final court of appeal for the UK overseas territories and Crown dependencies, found that the veil of a company could not be pierced to hold the company's director liable for sums due under a lease executed on behalf of the company. Relying on *Prest*, the Privy Council explained that the director could not be held personally liable because he "was under no relevant 'legal obligation or liability' to [the plaintiff] at the time that [the director] proffered to [the plaintiff] the draft lease executed by [the director's company] or at the time that the lease became binding."

**B.     Cayman Law**

13. Recent Cayman decisions cite *Prest* as authoritative. *See, e.g.*, *New England Mortgage Investment Ltd and Westview Limited v. Annalisa Butler.* 593 of 2009; [2014 (2) CILR Note 8] (attached hereto as Exhibit F); and *In the matter of Principal Investing Fund I Limited, Long View II Limited and Global Fixed Income Fund I Limited. Chia Hsing Wang v. LV II Investment Management Limited- FSD 268, 269, 270 of 2021 (IKJ) and FSD 106 of 2024 (IKJ).* [2023 1 CILR Note 7] (attached hereto as Exhibit G) (hereinafter, "*Wang*").

14. For example, in the recent Cayman decision in *Wang*, it was "unreservedly accepted that veil-piercing in the narrow sense of holding a shareholder liable for the debts of a company they control is only generally permissible in the sense described by the UK Supreme Court" in *Prest*, as followed in the Privy Council in *Pershad*.

15. *Wang* further recognized "that it is only an abuse of the doctrine of separate legal personality to create a company as a means of avoiding an existing liability." This follows the explanation advanced in *Prest* that piercing the corporate veil can be justified only in the case where (emphasis added):

> . . . a person is under an <u>existing legal obligation or liability</u> or subject to an <u>existing legal restriction</u> which he deliberately evades or whose enforcement he deliberately frustrates by interposing a company under his control.

16. *Wang* acknowledges that there is however "nothing wrong about establishing a company to avoid personal liability which the company may incur in the future."

17. Put differently, piercing the corporate veil is only appropriate if an individual misused the corporate form after his liability to a plaintiff arose. If liability to a plaintiff arises after the corporate entity was created, veil piercing is inappropriate under Cayman and English law.

### III. Conclusions

18.     I have read all of the allegations in the Complaint with these principles in mind. I note that, although the Complaint does not expressly state that Binance Holdings Ltd.'s ("Binance") corporate veil should be pierced, Plaintiffs appear to be attempting this veil-piercing because they wish to hold Mr. Zhao legally responsible for Binance's alleged acts and omissions.

19.     It is my independent opinion that Plaintiffs' Complaint does not allege the types of facts and allegations that would be needed to satisfy the exacting Cayman law standard for corporate veil-piercing. Plaintiffs have not pleaded that Mr. Zhao owed them a legal obligation at the time of his purported misuse of the corporate form. Nor have they pleaded that Mr. Zhao owed them any legal obligation that existed prior to Binance's formation.

20.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 13, 2025                                              Respectfully submitted,

*[signature]*

**OGIER (CAYMAN) LLP**

Christopher Wall[1]
89 Nexus Way, Camana Bay
Grand Cayman, Cayman Islands
KY1-9009
+ 1 (345) 815-1852
Chris.Wall@ogier.com

---

[1] England & Wales: SRA ID423514; Cayman Islands: ATT0148/2021.