IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NOACH NEWMAN, *et al.*,

    Plaintiffs,

- v. -

BAM TRADING SERVICES INC. d/b/a BINANCE.US, a Delaware corporation, and BINANCE HOLDINGS LTD. d/b/a BINANCE, a foreign company, and CHANGPENG ZHAO,

    Defendants.

Civil Action Case No.
24 Civ. 00134

**RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Binance Holdings Limited ("BHL"), BAM Trading Services Inc. ("BAM"), and Changpeng Zhao ("Zhao," and with BHL and BAM, "Defendants") respectfully submit this response to Plaintiffs' notice (ECF No. 116, the "Notice") of non-binding authority from the United States Court of Appeals for the District of Columbia in *Atchley v. AstraZeneca UK Ltd.*, No. 20-7077, 2026 WL 184415 (D.C. Cir. Jan. 23, 2026) ("*AstraZeneca*," "Op.," or the "Opinion"). Contrary to the Notice, the factual allegations underlying *AstraZeneca* are readily distinguished from the allegations in Plaintiffs' Amended Complaint,[1] and, if anything, underscore why Defendants

---

[1] Unless otherwise noted, all emphasis is added, internal quotations and citations are omitted, and defined terms have the meanings ascribed to them in Plaintiffs'

pending motions to dismiss the Amended Complaint should be granted.[2]

*First*, *AstraZeneca* involved allegations of those defendants' well-documented affirmative and intentional misconduct undertaken with contemporaneous awareness and intentionality to assist a foreign terrorist organization ("FTO") through what the D.C. Circuit described as "**direct**" **assistance** provided via "**unusual and corrupt means**." (Op. at *10 (emphasis added).) The D.C. Circuit emphasized the intentional and bespoke nature of defendants' dealings with the FTO Jaysh al-Mahdi, including "pa[ying] illegal cash bribes directly to the group and suppl[ying] extra, off-the-books batches of valuable medical goods that Jaysh al-Mahdi monetized on the black market to fund its operations." (Op. at *1.) The *AstraZeneca* plaintiffs alleged that U.S. government personnel referred to the Jaysh al-Mahdi as "The Pill Army," because its fighters were "paid in drugs that they either consumed or sold for cash on the black market." (Op. at *3.) Defendants also allegedly "finalized contracts at in-person meetings at the [Iraqi Ministry of Health (the "Ministry"), a known front for the Jaysh al-Mahdi], where conspicuous displays of Jaysh al-Mahdi weaponry, fighters, and propaganda made clear who was in charge." (Op. at *1.) As alleged in *AstraZeneca*, multiple

---

Amended Complaint (Dkt. 84, "AC").

[2]  *See* ECF Nos. 90 (Zhao Mov. Br.), 92 (BHL Mov. Br.), 93 (BAM Mov. Br.), 105 (Zhao Reply Br.), 106 (BHL Reply Br.), 107 (BAM Reply Br.).

independent sources confirmed defendants knew at the time of the transactions that their money and goods were fueling attacks, including firsthand knowledge from in-person meetings.

In stark contrast, this AC rests on general hindsight AML compliance criticisms and unspecified associations, which courts have routinely held are not sufficient under the ATA and JASTA. *See, e.g.*, *Fraenkel v. Standard Chartered Bank*, No. 24-CV-4484 (MMG) (RWL), No. 24-CV-5788 (MMG) (RWL), 2025 WL 2773251, at *9 (S.D.N.Y. Sept. 26, 2025). The allegations here rely entirely on BHL's AML shortcomings that were purportedly exploited by customers that Defendants knew or must have known had connections to FTOs. (*See* AC ¶¶ 109, 133, 146-47, 151-52, 155, 157, 159-60, 169, 177, 215, 307, 323.) The AC does not allege that any Defendant dealt directly with an FTO, or that Defendants could or did contemporaneously connect any of their customers to a particular FTO, let alone any violent terrorist attack by that FTO. As for BAM, Plaintiffs do not even allege that any relevant transactions occurred on BAM's exchange, which serves only U.S. individuals and, as Plaintiffs concede, was designed to be regulatory compliant. (*See* BAM Mov. Br. at 18-19, 21-22.)

*Second*, the D.C. Circuit highlighted the **tight temporal and geographic nexuses** alleged between those defendants' assistance and the relevant attacks. Plaintiffs claimed that virtually all of the relevant attacks occurred in Baghdad,

3

including near the Ministry itself, and that defendants executed bribery-tainted contracts with the Ministry during the same period as the attacks. (Op. at *9.) Some attacks took place just outside the Ministry's front gate. (*Id.*) The court described this as a "localized story" in which defendants' knowing provision of substantial assistance was tied to a "defined" and "discrete" set of attacks. (Op. at *9, *10.)

Again in contrast, this AC also does not allege anything close to the "localized story" of *AstraZeneca* regarding the geographic and temporal nexus between defendants' alleged conduct and any attack. Unlike *AstraZeneca*, which situated defendants' personal, physical conduct and the resulting attacks within a single city, a single Ministry complex, and a specific time window, Plaintiffs do not identify any city, region, time period, or specific act of terrorism connected to any alleged Binance transaction. This is precisely the sort of attenuated pleading *Twitter* rejects absent allegations of a "near-common enterprise," which Plaintiffs do not and cannot allege. *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 501-02 (2023).

*Finally*, the Notice makes a cursory reference to the Opinion's citation to *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025). (*See* Op. at *15.) But the D.C. Circuit did not engage in any analysis under *Fuld*, and merely affirmed its prior decision that the district court could exercise specific personal jurisdiction over the defendants, who did not challenge that aspect of the D.C. Circuit's prior opinion. (*Id.*) In any case, the Defendants' contacts with the United States or Alabama are far

4

more attenuated—if they exist at all—than the *AstraZeneca* defendants, and are not sufficient for exercising personal jurisdiction. (*See, e.g.*, ECF Nos. 90 (Zhao Mov. Br.) at 6-14; 92 (BHL Mov. Br.) at 9-17; 93 (BAM Mov. Br.) at 8-18.)

For these reasons, *AstraZeneca* confirms that Plaintiffs' allegations fall far short of pleading knowing and substantial assistance or any cognizable nexus under JASTA and should be dismissed.

| | |
|---|---|
| Dated: February 11, 2026<br>New York, New York | Respectfully submitted, |

| | |
|---|---|
| WINSTON & STRAWN, LLP<br>Athanasia Charmani (*pro hac vice*)<br>Daniel T. Stabile (*pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-4659<br><br>SPOTSWOOD SANSOM &<br>SANSBURY LLC<br>Kenneth D. Sansom (SAN 047)<br>Michael T. Sansbury (SAN 054)<br>Financial Center<br>505 20th Street North, Suite 700<br>Birmingham, AL 35203-3329<br>Tel: (205) 986-3620<br><br>*Attorneys for Defendant BAM Trading Services, Inc. d/b/a Binance.US*<br><br>BAKER & HOSTETLER LLP<br>Teresa Goody Guillén (*pro hac vice*)<br>Marco Molina (*pro hac vice*)<br>Joanna F. Wasick (*pro hac vice*)<br>45 Rockefeller Plaza<br>New York, NY 10111 | LIGHTFOOT, FRANKLIN &<br>WHITE, LLC<br><br>By: */s/ Harlan I. Prater, IV*<br>Harlan I. Prater IV (ASB-7485-T62H)<br>400 20th Street North<br>Birmingham, AL 35203<br>Tel: (205) 581-0720<br><br>WITHERS BERGMAN LLP<br>Christopher N. LaVigne (*pro hac vice*)<br>Joseph E. Gallo (*pro hac vice*)<br>Alexander C. Haden (*pro hac vice*)<br>430 Park Avenue, 10th Floor<br>New York, NY 10022<br>Tel: (212) 848-9800<br><br>CAHILL GORDON & REINDEL LLP<br>Samson A. Enzer<br>Anirudh Bansal<br>Sesi Garimella<br>32 Old Slip<br>New York, NY 10005<br>Tel: (212) 701-3125 |

5

BRADLEY ARANT BOULT
CUMMINGS LLP
Charles A. Stewart III
RSA Dexter Avenue Building
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Tel: (334) 956-7608

*Attorneys for Defendant Binance Holdings Limited d/b/a Binance*

*Attorneys for Defendant Changpeng Zhao*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been filed with the Court and served by the Court's ECF system, on this the 11th day of February, 2026, on:

David I. Schoen (ASB-0860-O42D)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611
schoenlawfirm@gmail.com

Mark Goldfeder (*pro hac vice*)
National Jewish Advocacy Center, Inc.
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895
mark@jewishadvocacycenter.org

Ben Schlager (*pro hac vice forthcoming*)
GOLDFEDER AND TERRY, LLC
666 Harless Place
West Hempstead, NY 11552
(917) 495-5790
ben@goldfederterry.com

*Attorneys for Plaintiffs*

                                            */s/ Harlan I. Prater, IV*
                                            Of Counsel